(55 Misc. Rep. 398.)

### STORR v. CENTRAL BEDDING CO.

(Supreme Court, Special Term, New York County. July, 1907.)

PATENTS—ROYALTIES—RECOVERY—ACCOUNTING—SPECIFIC PERFORMANCE.

An action for an accounting and for specific performance cannot be maintained by one to whom royalties are due for the manufacture and sale of a patented device, because plaintiff does not know the amount thereof and defendant has failed to render statements as agreed; and a complaint alleging plaintiff's ignorance of the amount due and demanding judgment for no definite sum is demurrable.

Action by David C. Storr against the Central Bedding Company. Demurrer to complaint sustained, with leave to amend.

William H. Harris, for plaintiff.
Charles K. Carpenter, for defendant.

BISCHOFF, J. Asserting a contract whereby the defendant had agreed to pay royalties at a certain rate for each bed, manufactured and used or sold by it or by its licensees, embodying a patented device, and alleging that, while some royalties are due the amount is unknown to him, the plaintiff prays for an accounting and for specific performance of the contract, so far as the defendant had agreed to render semiannual statements of the beds manufactured and sold. Such a state of facts presents no case for an accounting (Moore v. Coyne, 113 App. Div. 52, 98 N. Y. Supp. 892), and the breach of the agreement to render statements does not call for equitable intervention. The rendering of these statements is not to be compelled upon the theory that thus a multiplicity of suits may be avoided, for the plaintiff had not agreed to be bound by the facts which the defendant might state; and, whether statements were rendered or not, the amount actually due the plaintiff, if not paid, would still be the subject of an action at law—an adequate remedy, unaffected by the observance or nonobservance of the defendant's contractual duty to make admissions, semiannually, with respect to the subject of the plaintiff's rights.

The action not being one which may be maintained in equity, the demurrer for insufficiency should be sustained within the rule announced in Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, and explained in Doyle v. Delaney, 112 App. Div. 856, 98 N. Y. Supp. 468. The action is purely for equitable relief, based upon allegations which

negative any intention to seek damages other than such as may be disclosed upon the accounting, and not only is no sum stated for which judgment might be demanded, but the plaintiff alleges his inability to fix any sum. Thus the case is not one in which, because of a suggested alternative demand for relief, the pleading may be upheld if the facts suffice for a statement of a cause of action, whether at law or in equity, and, within the authorities referred to, this complaint must be held insufficient in substance.

The court has jurisdiction of the subject of the action—a claim for royalties under an agreement to pay them—and the demurrer upon the ground of lack of jurisdiction is not well taken. As appears from the argument, this ground of demurrer was intended to present the question of the maintainability of an equitable action; but, as I read the cases, the point is one which relates to sufficiency of the cause of action, not to jurisdiction. Demurrer for insufficiency sustained, with costs, with leave to plaintiff to amend upon payment of costs within 20 days.

Demurrer sustained, with costs, with leave to plaintiff to amend upon payment of costs within 20 days.