(58 Misc. Rep. 381.)

## RICE v. PETERS.

(Supreme Court, Trial Term, Washington County.   March, 1908.)

1. DISCOVERY—RIGHT TO RELIEF.
   An action cannot be maintained solely for discovery of the books and accounts of a decedent in the hands of his executors by one having a claim against his estate.

2. SAME—CLAIMS AGAINST ESTATE.
   Where the only relief plaintiff could secure against the personal representatives of a decedent is a money judgment, and there were no fiduciary relations between plaintiff and the decedent, an equitable action for discovery cannot be maintained.

3. SAME.
   As Code Civ. Proc. §§ 803, 809, provide an adequate remedy to plaintiff to ascertain the extent of his claim against a decedent by inspection of his books and papers in an action at law, no sufficient ground to maintain an action in equity exists.

Action by George Carver Rice against William R. Peters, executor of Orin K. Rice, deceased. On motion to dismiss complaint. Granted.

Wm. S. Ostrander, for plaintiff.

Herbert Van Kirk (D. M. Westfall, of counsel), for defendant.

VAN KIRK, J. This action was regularly noticed for trial at the Trial Term in Washington county, January 13, 1908. By agreement of attorneys the matter comes on before me for trial, with the understanding that, upon defendant's motion, the sufficiency of the complaint shall be determined before the parties shall be called upon to examine witnesses.

The complaint sets forth that the defendant is the executor of the last will and testament of Orin K. Rice, deceased, who owned a farm in the town of Easton, Washington county, N. Y.; that for many years prior to the death of the deceased the plaintiff, with the deceased, was engaged in carrying on the farm, working the same upon shares, under contract and agreement by which the plaintiff worked the farm, and the produce of the farm and the increase of the personal property were owned in common; that the greater part of the produce of the farm and increase were sold and disposed of by the deceased in his lifetime, and the proceeds received by him for the joint use and benefit of himself and plaintiff; that during all these times the plaintiff and defendant were engaged in buying, training, and selling horses, upon the understanding and agreement that the deceased should advance the money for the purchase of the animals, that the plaintiff should perform the services in selecting and buying the animals and caring for them, and whatever profits should be realized upon such dealings should be shared equally, and that the plaintiff has performed his part of the contract; that several of such animals were sold at a profit, and the deceased received the proceeds of the sale of all said animals, and never rendered any account thereof to the plaintiff, although often requested so to do; that the plaintiff performed various services for the deceased at his residence and in carrying the deceased about; that the said services were of the value

of several hundred dollars, but the exact amount is unknown to the plaintiff; that the record of these services is entered in the books of the deceased, which are now in the possession of the defendant, as plaintiff is informed and believes; that the plaintiff kept no account of the several transactions between them, and plaintiff is informed and believes that the records of the transactions were kept by the deceased in various diaries and books of account, and during all these times the plaintiff relied upon the entries of the deceased, and requested the deceased to keep entries of said transactions in his books; that the defendant came into possession of said books, and now has them in his possession; that the whole of said transactions constitute an open and current account between the plaintiff and the deceased, and it was at all times the duty of the deceased, and it is the duty of his representatives, to account for and pay over to plaintiff the plaintiff's share of said moneys; that prior to his death the deceased refused to account and pay over the moneys due plaintiff, and the defendant, since the death of deceased, has refused to account for and pay over the moneys, and has refused to exhibit the books to the plaintiff; that, as plaintiff is informed and believes, there is a large sum of money due him on account of the transactions aforesaid from the estate of the deceased, the amount of which plaintiff is unable to determine, except by and through an accounting between himself and the defendant; that the defendant has in his hands property of the deceased applicable to the payment of plaintiff's demands, but threatens to pay out and distribute the money of the estate to the next of kin of deceased and his legacies; that without such an accounting by the defendant, and a discovery of the books and papers of the deceased relating to the said transactions, the plaintiff is unable to prepare and present any claim to the executors showing definitely the demands of plaintiff against the estate; that plaintiff has no adequate remedy at law and unless the accounting and discovery asked for herein be had, and the defendant restrained from paying out the funds of the estate in his hands to legatees, plaintiff will suffer irreparable loss. Wherefore the plaintiff demands judgment awarding to plaintiff a discovery of the entries in the books and papers of the deceased relating to said transactions, and enjoining the defendant from destroying or disposing of any books, papers, and accounts of the deceased, and requiring him to account to plaintiff for the money, funds, and property belonging to the plaintiff in the hands of the deceased, and to pay over to the plaintiff such proportion of the moneys and personal property as shall be found on said accounting to be due the plaintiff, and for such other and further relief as may be just and equitable.

The cause of action intended to be stated in the complaint is in equity. There is no claim that a cause of action at law is stated. The cause of action is based upon allegations which negative any intention to seek damages other than such as may be disclosed upon the accounting. No sum of money is stated for which judgment might be demanded. Plaintiff alleges his inability to fix any sum of money as the amount due him, and thus the case is one in which the pleading could not be upheld on the ground that, though stated in the form

of an equity action, among the facts stated there is sufficient to state a cause of action at law. Storr v. Central Bedding Co., 55 Misc. Rep. 398, 106 N. Y. Supp. 546; Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095; Neil v. Rosenthal, 120 App. Div. 810, 105 N. Y. Supp. 681. So that, unless a cause of action is stated which may be maintained as an equity action, the complaint is not sufficient and must be dismissed upon this motion. This action is brought evidently for the purpose, primarily, of procuring a discovery of the books and accounts of the deceased and to gain an inspection of the same. All of the allegations of the complaint look toward that end. Since the provisions of the Code of Civil Procedure (sections 803–809; Court Rules 14, 15, 16), I do not think that an equity action can be maintained for this sole purpose. Baylis v. Bullock, El. M. Co., 59 App. Div. 576, 69 N. Y. Supp. 693. The Code provides the method for procuring the inspection of books, and those provisions are intended to be exclusive. In order that there may be a discovery of books, a cause of action in favor of the plaintiff against the defendant for other relief than an inspection of the books must be stated. Ward v. New York Life Ins. Co., 78 Hun, 363, 29 N. Y. Supp. 186.

The plaintiff urges that the chief purpose of the action is an accounting. The question then arises whether or not a cause of action for an accounting is stated. The plaintiff and the deceased were not partners, and therefore an accounting cannot be had on that account. In order to entitle the plaintiff to an accounting, there must be, in addition to the necessity for an accounting, some trust and some fiduciary relations between the parties to justify an equity court in exercising its powers. The fact that an incidental accounting is necessary does not alone give a court of equity jurisdiction. Moore v. Coyne & Delaney M. Co., 113 App. Div. 52, 98 N. Y. Supp. 892; Veiller v. Oppenheim, 75 Hun, 21, 24, 26 N. Y. Supp. 1051; Smith v. Bodine, 74 N. Y. 30. I do not think that the plaintiff and defendant were in any joint venture in which a trust and fiduciary relation existed which entitle the plaintiff to an accounting, as in O'Hara v. Harman, 14 App. Div. 167, 43 N. Y. Supp. 556, Rogers v. Wheeler, 89 App. Div. 435, 85 N. Y. Supp. 981, or Marston v. Gould, 69 N. Y. 220. The complaint does not show relations to have existed between plaintiff and deceased which entitled plaintiff to equitable relief in the form of an accounting.

The only relief that plaintiff could secure is a money judgment, clearly indicating an action at law. Under the facts stated in the complaint and the agreements there set forth, the plaintiff has an adequate remedy at law. In such an action at law, the plaintiff may make his application under the Code for an inspection of the books; and he may likewise make application to the court for an inspection of the books in order to frame his complaint. Veiller v. Oppenheim, 75 Hun, 21, 26 N. Y. Supp. 1051.

The complaint must be dismissed, and an order accordingly may be prepared. Ordered accordingly.