## CONSOLIDATED RUBBER TIRE CO. v. FIRESTONE TIRE & RUBBER CO.

(Supreme Court, Appellate Division, Second Department.   December 30, 1909.)

**1. ACTION (§ 25*)—NATURE OF ACTION—LAW OR EQUITY.**

Code Civ. Proc. § 481, requires a plain and concise statement of facts. without unnecesssary repetition, and a demand of the judgment to which plaintiff supposes himself entitled.   Section 518 declares that the chapter prescribes the form of pleadings in an action and the rules by which the sufficiency thereof is determined.   The complaint in an action for royalties on goods manufactured and sold by defendant containing plaintiff's invention, demanding discovery of defendant's records of its transactions in respect to such goods, and an accounting for such goods, and asking a judgment for the amount found due only as an incident to other relief demanded, did not state an action at law.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 138, 147; Dec. Dig. § 25.*]

**2. DISCOVERY (§ 3*)—JURISDICTION IN EQUITY—REMEDY AT LAW.**

The fact that discovery was asked would not give equity jurisdiction, since it could be had in an action at law.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 4; Dec. Dig. § 3.*]

Rich, J., dissenting.

Appeal from Special Term, Westchester County.

Action by the Consolidated Rubber Tire Company against the Firestone Tire & Rubber Company.   From an order overruling a demurrer to the complaint, defendant appeals.   Reversed, and demurrer sustained, with leave to plaintiff to plead over.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Philip B. Adams (Amos C. Miller, on the brief), for appellant.
Charles W. Stapleton, for respondent.

WOODWARD, J.   The plaintiff brings this action to enforce a certain written contract for royalties, and the theory of the action appears to be that the plaintiff is entitled to discovery of the facts necessary to its recovery by an inspection of the defendant's books, papers, etc., and incidentally to have judgment for the amount found to be due upon such inspection.   The defendant urges that its demurrer, on the ground that the complaint fails to state facts constituting a cause of action, should have been sustained, because the cause of action attempted to be pleaded is an action at law and the prayer for relief is in equity.   The defendant's demurrer has been overruled, and the latter appeals to this court.

The plaintiff concedes, even insists, that this is an action at law, and the only question to be determined, therefore, is whether an action at law has been stated in the complaint.   The Code of Civil Procedure requires (section 481) "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition," and "a demand of the judgment to which the plaintiff supposes himself entitled."   Section 518 provides that this "chapter prescribes the form

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of pleadings in an action, and the rules by which the sufficiency thereof is determined," and unless the plaintiff has stated the facts necessary to constitute an action at law, and has demanded judgment consistent with such a demand, it has failed to state facts sufficient to constitute a cause of action, and the demurrer should have been sustained. Assuming, with the present contention of the plaintiff, that this action is an action at law, although the form would suggest an effort to plead an action for discovery, the prayer for relief is not consistent with the complaint. It is not a demand for judgment for money only. It demands judgment for money only as an incident to the equitable relief demanded; that is, it demands discovery of the amount due under the contract, and, when this amount has been found, it asks the court to give judgment for the same. That is all that can be fairly spelled out of the demand for judgment. The language used is that the "defendant exhibit to plaintiff its books, papers, accounts, and documents containing the records of its transactions in said rubber tires, and in the rubber or other material used in manufacturing the same, and account to the plaintiff under oath for all its transactions in the manufacture and sale of said tires containing said invention, and disclose under oath the quantity of such tires made, used, or sold by it since March 27, 1907, and that a referee be appointed to examine said defendant, its books of account, and take proofs as to the quantity of such tires made or sold by defendant, and to report to the court concerning the same," and (2) "that the plaintiff have judgment against the defendant for the amount due upon the contracts herein described and for the costs of this action." Obviously the pleader did not have in mind an action at law. The relief demanded depended upon the discovery prayed for, and this discovery could be had in an action at law. It did not give rise to conditions requiring the intervention of a court of equity. Mr. Justice Bischoff, in Storr v. Central Bedding Co., 55 Misc. Rep. 398, 106 N. Y. Supp. 546, discusses a very similar case, reviewing the authorities, and we are of the opinion that the conclusion there reached is the one which should prevail here. See Moore v. Coyne, 113 App. Div. 52, 54, 98 N. Y. Supp. 892.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to plead over on payment of costs. All concur, except RICH, J., who dissents.