### OPPENHEIMER v. VAN RAALTE et al.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. ACCOUNT (§ 3*)—ACTION FOR ACCOUNTING—RIGHT TO MAINTAIN.

A contract to pay plaintiff, as salary, a percentage of the net profits of a business, with a guaranteed minimum, will not support an action for an accounting.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 10–12; Dec. Dig. § 3.*]

2. DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL—RIGHT TO.

In an action on a contract to pay plaintiff, as salary, a percentage of the net profits of a business, he is entitled to an examination of defendants before trial to establish the amount of profits; he having no record of the business.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

3. DISCOVERY (§ 55*)—EXAMINATION BEFORE TRIAL—MOVING PAPERS—SUFFICIENCY.

In an action on a contract to pay plaintiff, as salary, a percentage of the net profits of a business, an affidavit, stating that defendants' testimony was necessary to establish the profits actually made, and that the information was wholly within defendants' possession, is sufficient to entitle plaintiff to an examination of them before trial, though plaintiff's counsel qualified a statement of intention to read the testimony at the trial by making that depend on it being of the character anticipated.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Louis Oppenheimer against Emanuel Van Raalte and another, partners as S. Oppenheimer & Levy. From an order vacating an order for examination of defendants before trial, plaintiff appeals. Reversed, and motion to vacate order denied.

See, also, 148 App. Div. 916, 133 N. Y. Supp. 1135; 135 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Emery H. Sykes, of New York City, for appellant.
Charles Trosk, of New York City, for respondents.

INGRAHAM, P. J. [1-3] This action was to recover the balance of salary due to the plaintiff under a written contract by which the plaintiff was employed for the years 1908 and 1909 and was to receive as salary 3 per cent. of the net profits of the business of the defendants for each of said years; the defendant guaranteeing that plaintiff should at least receive $6,000 each year. For the year 1908 the plaintiff was paid $11,847.31, which would show a net profit for that year of nearly $400,000. For the second year, although the plaintiff swears that the business had continued without substantial decrease, the defendants claimed that their profits were not in excess of $200,000, and refused to make any payment above the $6,000, which the plaintiff was paid. The plaintiff alleges that the profits for the year 1909 were in excess of $400,000, and that he was entitled to receive $6,000 in addition to the amount that was paid him as salary for that year.

The mere statement of this cause of action is sufficient to establish that the only method the plaintiff has of proving his cause of action is to examine the defendants before trial. The plaintiff has no records of the defendants' business, and the defendants alone can supply the legal proof to show what their net profits were for the year 1909 to which the plaintiff was entitled to a percentage. The plaintiff cannot maintain an action for an accounting under such a contract, but is required to bring an action at law, and for the court to refuse to allow him to examine the defendants before trial so as to prove his cause of action would be to prevent the plaintiff from having a recovery, although if such testimony had been allowed he would have a good cause of action. It is conceded that upon these papers the materiality of the testimony of the defendants clearly appears, and that the plaintiff would certainly be entitled to subpœna the defendants at the trial and to prove by the testimony of his witnesses or by the enforced production of the defendants' books what the actual net profits of the business for the year 1909 were. Section 870 of the Code of Civil Procedure provides that a deposition of a party to an action pending in a court of record may be taken at his own instance or at the instance of an adverse party at any time before or during the trial as prescribed in this article. Section 872 provides that the person desiring to take a deposition as prescribed in this article may present to a judge of the court in which the action is pending an affidavit setting forth, among other things, the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application or the prosecution or defense of such action. Section 875 provides that the judge to whom such an affidavit is presented must grant an order for the examination if an action is pending. I think the plaintiff in this case has brought himself clearly within these sections of the Code of Civil Procedure and is therefore entitled as a matter of right to examine the defendants before trial.

The facts and circumstances showing the materiality of the defend-
ants'. evidence are stated, and it is apparent from the nature of the
action and the facts stated that the evidence of the defendants upon
this examination is necessary to enable plaintiff to prove the amount
to which he was entitled. I think the plaintiff was therefore enti-
tled to the order that was granted, and it should not have been
vacated.

One of the few objections to these orders which has survived is
that it is necessary that it should appear from the affidavit that the
party applying for the examination of his adverse party intended to
use the deposition upon the trial of the action. It is not necessary
that an express allegation to that effect should appear in the affi-
davit; but, if it appears from the whole affidavit that the only ob-
ject of examining the adverse party was to obtain evidence which
was material upon the trial of the action for the party making the
application, the order was properly granted. In this case the affi-
davit of the plaintiff upon which the order for the examination of
the defendants was obtained states that:

"The testimony of each of the defendants is material and necessary for
me as plaintiff in the prosecution of this action, since I am obliged to prove
by their testimony the profits which were actually made ·by the defendants
in their business during 1909, and the value and efficiency of my services.
This information is wholly within the possession of the defendants who are
the exclusive proprietors of their business."

I think this allegation would have been sufficient to have justified
the court in granting the application. The attorney for the plaintiff,
however, supplements this affidavit by a statement:

"If such examination is delayed until the trial of the action, the trial will
require a long time, books will be examined during its progress, and the
time of the court will be greatly wasted. It is our purpose to read this tes-
timony in evidence at the trial of this action, unless it is of a character very
different from what we anticipate."

And it was said by the court below and is claimed by counsel on
this appeal that because of this statement in the affidavit of the at-
torney for the plaintiff this order was improperly granted. We have
held, under ordinary circumstances, that the party must make the
affidavit, and it is upon his statement of the object of the examina-
tion that the court was justified in proceeding. As before stated,
his affidavit was sufficient to justify the court granting this applica-
tion. His attorney states his intention as to the use of the deposition
of the defendants when taken. He states that it is their intention to
use it on the trial, unless it is different from what they anticipate it
will be, a qualification which seems to me to be entirely immaterial,
as in every case when an intention to use a deposition on the trial
is made it is, of course, subject to the qualification that, if for any
reason the deposition should not prove the fact that the party stated
he expects to prove by the examination of the witness, it would be
useless to read the deposition, as it would not tend to prove the
cause of action and it would not be competent evidence. The stat-
ute does not require a party taking a deposition before trial to read

the evidence taken on the trial, but by section 881 of the Code of Civil Procedure it is provided that the deposition or a certified copy thereof may be read in evidence by either party at the trial of or upon the assessment of damages, by writ of inquiry, or upon a reference, or otherwise, in the action or in any special proceeding specified in the original affidavit or stipulation, or in any other action or special proceeding thereafter brought between the same parties or between any parties claiming under them or either of them. Thus allowing either party to use the testimony of a witness taken under an order provided for in this article of the Code, but without requiring either party to read such deposition. It must, of course, appear from the papers presented that the application is made in good faith for the purpose of obtaining testimony to be used upon the trial of the action, and the facts tending to show that the testimony of the witness is material and necessary to be used on the trial must appear to justify the taking of evidence; but where it does appear that the testimony that the witness can give will be material to the party making the application, and that the application is made in good faith for the purpose of obtaining testimony to be used upon the trial, a mere statement in the affidavit of the attorney for the party making the application that, if the testimony should fail to prove the facts which the party making the application has sought to prove by the examination it would not be read, where from other facts alleged it appears that the witness must have knowledge of the facts which are material, does not justify the vacation of the order.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the defendants denied, with $10 costs.

LAUGHLIN, CLARKE, and MILLER, JJ., concur. DOWLING, J., dissents.