EDWIN B. HUTCHINSON, Respondent, *v.* THOMAS H. BIRDSONG and Others, Appellants.

First Department, January 9, 1925.

Joint adventure — action for accounting — defense that partnership does not exist, denial of existence of agreement, and allegation of payment — error to grant plaintiff interlocutory judgment without taking proof — employment on salary based on percentage of profits and losses raises no equitable issue.

In an action to compel an accounting in which the complaint alleges that the plaintiff was employed as manager for the defendants at a yearly salary and also on a commission basis, it was error for the court to grant the plaintiff an interlocutory judgment directing an accounting without taking proof, since the defendant interposed the defense that partnership relations did not exist between the plaintiff and the defendants, that the agreement on which the plaintiff's cause of action is based was never renewed and was not in existence, and that the plaintiff had been paid in full; upon the issues raised by the defendants they were entitled to an opportunity to present proof, and that opportunity having been denied them a new trial is necessary.

An employment upon a salary, the amount of which is measured in terms of percentage of profits and losses, raises no equitable issue, but must be tried before a court and jury.

APPEAL by the defendants, Thomas H. Birdsong and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of April, 1924, upon the decision of the court rendered after a trial at the New York Special Term directing an accounting and appointing a referee.

*James C. Cleary,* for the appellants.

*Godwin & Golden* [*William Austin Moore* of counsel; *William R. Golden* with him on the brief], for the respondent.

FINCH, J.:

The complaint alleges that the defendants are copartners conducting a business divided into various departments, and that the plaintiff, prior to the date of the agreement hereinafter referred to, was employed by the defendants as manager of one of the departments of said business; that on the 5th day of June, 1918,

" The plaintiff herein was duly employed by the defendants herein to continue as manager of said  * * *  department for the year beginning July 10, 1918; the terms of said employment being in writing in words and figures following, to wit:

" ' *June 5th,* 1918.

" ' Mr. E. B. HUTCHINSON,
   " ' 391 Washington Street,
          " ' New York City.

" ' My DEAR Mr. HUTCHINSON:

" ' This is to confirm the arrangement with you for year beginning July 10th.

" ' It is agreed that you shall continue as Manager of our Shelled Nut Department as heretofore  * * *.

" ' Compensation — You are to have a drawing account of $6,000 per year, payable monthly, and your salary to be 25% of the net profits in your department payable year ending July 10th, 1919, deducting your $6,000 drawing account.

" ' In the event your department should show a loss at the end of the year or a profit not sufficient for your 25% to amount to $6,000 it is understood that should we mutually agree to continue the Department for the second year on the same basis that your drawing account shall remain the same and whatever amount there should be charged to your drawing account for the two years shall be deducted from your share of the profits.  * * *

" ' Profits & Losses — It is also agreed that should your department any year show a loss that you are to assume 25% of the loss.

" ' Renewal — It is also agreed that this arrangement is subject to renewal from year to year by mutual consent.

" ' Yours very truly,
    " ' BIRDSONG BROTHERS
      " ' (Signed)   S. A. BIRDSONG.' "

The complaint further alleges that the contract was renewed from year to year and was in existence at the time of the bringing of this action; that an accounting was had for the term ending July 10, 1919, and an indebtedness to plaintiff of $17,000 ascertained, for $10,360 of which defendants gave to plaintiff their promissory note, but that subsequently defendants obtained possession of said note and have refused to redeliver the same; that there has been

no accounting between the parties subsequent to July 10, 1919; that plaintiff does not know and has no means of ascertaining the amount owing to him under the agreement except through an accounting; and that plaintiff has no adequate remedy at law except as to the matter evidenced by the promissory note above mentioned. Judgment originally was demanded for the amount evidenced by the said note, and that the defendants account to the plaintiff for all transactions between the parties since said accounting heretofore made. Upon the opening of the case, on motion of the plaintiff, the complaint was amended by striking out the prayer for money judgment and by adding that there were large profits due plaintiff under the contract, and demanding an accounting from the inception of the contract, namely, July 10, 1918.

The answer denies all the material allegations of the complaint except the making of the agreement sued on, and by way of separate defenses alleges payment of all moneys due plaintiff; that any note given plaintiff had been voluntarily surrendered and released; that plaintiff has an adequate remedy at law. And further, by way of counterclaim, the defendants allege that plaintiff was employed by the defendants under the aforesaid agreement; that during the years 1920, 1921 and 1922 the department in question had been operated at such a loss as to leave the plaintiff indebted to the defendants in excess of $25,000. It is also alleged, for a further counterclaim, that during said years the plaintiff received from the defendants $18,826.87 in excess of the amount due him for the first year of the contract term and over and above all claims and demands of the plaintiff; for which said amounts the defendants demand judgment.

The plaintiff moved for judgment on the pleadings directing an interlocutory decree. This was opposed upon the ground that the plaintiff was not a partner and had no rights entitling him to be heard upon the equity side of the court; and in addition, the defendants moved to dismiss the complaint upon the ground, among others, that the complaint, as amended, in the absence of any allegation tending to show a partnership, trust or fiduciary relation between the parties, presents nothing more than a claim for salary, measured by profits and losses, and was an issue triable on the law side of the court before a jury. If a dismissal of the complaint should be denied, the defendants then demanded a trial by jury. After listening to argument, the learned court, without taking any testimony, made certain findings of fact and conclusions of law, directed an interlocutory judgment for the plaintiff and appointed a referee to take and state an account of

the period following the first year of the agreement, for which the court found that an account had theretofore been rendered. As noted, the defendant had denied that the agreement in suit had been renewed, and also set up the affirmative defense of payment. Upon the two issues thus raised, without considering any others, the defendant was entitled to have an opportunity to adduce his proof, and because he has been denied this opportunity, there will have to be a new trial. Whether upon such a new trial it will appear that the plaintiff is able to sustain his theory of the action that there was a joint adventure between the parties will then be decided. The principles of law applicable have been clearly defined by the authorities. In order to constitute a joint adventure, it is not sufficient that the parties share in the profits and losses; but there must be in addition an intention of the parties to be associated together as partners, either as general partners, or for the more limited duration of a joint adventure. The same rules govern both partnerships and joint adventures. As was said in *Ross* v. *Willett* (76 Hun, 211): " A joint adventure is a limited partnership, not limited in a statutory sense as to liability, but as to its scope and duration, and under our law joint adventures and partnerships are governed by the same rules."

In *Heye* v. *Tilford* (2 App. Div. 346; affd., 154 N. Y. 757) the court (at p. 349) said: " Whenever in an action between two persons alleged to be partners, a partnership is sought to be proved, the decision of the question depends entirely upon the intention of the parties as legally ascertained. That does not mean a mere arbitrary intention. If the terms of the contract between the parties are fixed and certain, the question of partnership is usually a question of law to be decided upon the construction of the contract * * *. But unless in some manner it is found to be the intention of the parties that they should become partners, then the partnership cannot be said to exist. (*Salter* v. *Ham*, 31 N. Y. 321; * * *.) If the terms of the contract are in dispute they must be ascertained, and then the question whether or not the parties are partners as between themselves, is ordinarily to be determined by the contract as that shall be found to be. But if by the terms of the contract or by other competent evidence it is made to appear that the parties had no intention of becoming partners between themselves they will be held not to have assumed that relation. In the case of *London Assur. Co.* v. *Drennen* (116 U. S. 461) the court says: ' Persons cannot be made to assume the relation of partners as between themselves when their purpose is that no partnership shall exist. There is no reason why they cannot enter into an agreement whereby one of them shall participate

in the profits arising from the management of particular property without his becoming a partner with the others.' "

An employment upon a salary, the amount of which is measured in terms of a percentage of profits and losses, raises no equitable issue; but is to be tried before a court and jury, and evidence as to the amount of money due is to be determined upon an examination before trial.

In *Oppenheimer* v. *Van Raalte* (151 App. Div. 601) the plaintiff was an employee on a salary of three per cent of the net profits, which of necessity could only be computed after the profits and losses had been ascertained. This court, by INGRAHAM, P. J., said: " This action was to recover the balance of salary due to the plaintiff under a written contract by which the plaintiff * * * was to receive as salary 3 per cent of the net profits of the business * * * the defendants guaranteeing that the plaintiff should receive at least $6,000 each year. * * * The mere statement of this cause of action is sufficient to establish that the only method the plaintiff has of proving his cause of action is to examine the defendants before trial. * * * The plaintiff cannot maintain an action for an accounting under such a contract, but is required to bring an action at law."

In *Smith* v. *Bodine* (74 N. Y. 30, 32) the court, by MILLER, J., said: " The action was brought to recover for services rendered by the plaintiff as a salesman of the defendants, for which the plaintiff was to receive a certain percentage of the profits realized from the business. * * * The counsel for the appellants claims that the referee erred upon the trial in allowing an accounting to proceed between the parties. I think that the decision of the referee, and the proof introduced, did not constitute a variance from the pleadings, or change the cause of action, and that there was no error in this respect. * * * If the plaintiff had been a partner, then the action might properly have been brought in equity for an accounting; but we think that the plaintiff was not a partner, and the claim that he shared the profits and losses, and hence the parties having this community of interest *inter sese* were partners, is not well founded. To constitute a partnership it is generally necessary that the parties should share in the profits and loss. * * * An agreement for sharing in the profits of a business is sufficient, in some cases, to establish a partnership, as to third persons. * * * But the rule last stated does not apply where one is interested in the profits of the business as a means of compensation for services (*Leggett* v. *Hyde,* 58 N. Y. 272). * * * The fact that a statement of an account between him [plaintiff] and the defendants was necessary to establish his

claim did not require an equitable action, and the nature of the action was in no wise changed by the introduction of evidence showing how the accounts stood."

In reaching its conclusion, the court at Special Term relied upon the case of *Parker* v. *Pullman & Co.* (36 App. Div. 208). That case, however, was decided upon a demurrer to the complaint and hence all the allegations of the complaint were deemed to have been true. One of the allegations was that the account involved was long and complicated, which has always given a right to have a reference, upon the ground that the accounts being long and complicated, they were not suitable for a jury to pass upon. (Civ. Prac. Act, § 466, revising Code Civ. Proc. § 1013.)

On such a retrial the plaintiff may be able to show such facts and circumstances as, taken in connection with the agreement, will show it to be an agreement of joint adventure. On the other hand, such facts may be lacking.

It follows that the interlocutory judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.