■ VINCENT J. SINKWICH, Respondent, v. E. F. DREW & Co. INC., Appellant.— Appeal from an order denying defendant's motion to dismiss an amended complaint, pursuant to rule 106 of the Rules of Civil Practice upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint attempts to state two causes of action. The first cause of action is essentially a suit for the recovery of royalties, although other elements are pleaded. From the written agreements, appended to the complaint these facts may be gleaned. Plaintiff granted a license to defendant's predecessor to manufacture and lease a patented machine, and an option to purchase the patent rights. Plaintiff also sold and transferred a trade name known as " Mar-Vin " to the same predecessor of the defendant. In case the option to purchase the patent rights was not exercised within a specified time the trade name was to revert to the plaintiff. According to recitals contained in a subsequent agreement the option to purchase the patent rights was exercised, and the final agreement provided that the defendant, who became bound by the original agreement, was to pay 1% of the net profits derived from the sale of " Mar-Vin Products ". The complaint, in the first cause of action, alleges that defendant made payments purporting to be sums equal to 1% profit on certain specified " Mar-Vin Products ", but thereafter sought unilaterally to limit its liability for the sale of only a few of such products. It also alleges at least by inference, that defendant has manufactured and sold other " Mar-Vin Products " for which it has refused to account in violation of the agreements between the parties. Plaintiff says that he has no way of knowing, except by an examination before trial, what the liability of the defendant may be. There is no demand for a specific sum of money in the prayer for relief. There are demands however for an accounting, for specific performance, and for a judgment for the amount found to be due. As we view it this cause of action is fundamentally one to recover royalties, and hence an action at law. No facts are alleged that would support judgment in equity for specific performance. No facts are

alleged from which a fiduciary relationship may be inferred so that the cause may be classified as an action in equity for an accounting. The facts alleged indicate that plaintiff divested himself of ownership of the patent rights and trade-mark involved, and is relying upon an agreement to pay a portion of the profits realized from the sale of the trade-mark products. Moreover, the defendant concedes that this cause is not in equity for an accounting. This being so all that is left is an action at law to recover royalties, with an issue of what are "Mar-Vin Products" within the contemplation of the agreements between the parties, and perhaps an incidental accounting. The fact that an incidental accounting may become necessary does not transmute an action at law into one in equity (*Freeman* v. *Miller*, 157 App. Div. 715). The action being one at law to recover royalties it was necessary for plaintiff to state the amount claimed due (*Rice* v. *Peters*, 58 Misc. 381, 384; *Storr* v. *Central Bedding Co.*, 55 Misc. 398; *Consolidated Rubber Tire Co.*, 135 App. Div. 805, 807; *Shantz* v. *Oakman*, 163 N. Y. 148). The fact that plaintiff does not know the amount he claims does not save the complaint. He could have examined the defendant for the purpose of framing a complaint, but in any event the defendant is entitled to know in an action at law the amount of the claim against it. The second cause of action appears to be wholly inconsistent with the facts alleged in the first cause of action. We are unable to fathom precisely the basis of this cause. Apparently, it seeks an equitable decree directing the return of the patent rights and trade-mark sold, when and if the defendant ceases to exploit the same. The facts alleged would not support such an extraordinary judgment. If the plaintiff has a cause for such relief he must plead it more definitely and certainly than that expressed in the complaint before us. Order reversed, with $10 costs, on the law and the facts, and the motion to dismiss the both causes of action is granted with leave to the plaintiff to amend within 20 days after the entry of an order herein. Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ., concur.