NATIONAL COMMITTEE ON THE OBSERVANCE OF MOTHER'S DAY, INC.,
Respondent, *v.* KIRBY, BLOCK & Co., INC., et al., Appellants.

First Department, December 4, 1962.

*Michael K. Stanton* of counsel (*Edward C. Wallace* with him on the brief; *Weil, Gotshal & Manges,* attorneys), for appellants.

*Robert S. Newman* of counsel (*Lowenstein, Pitcher, Hotchkiss, Amann & Parr,* attorneys), for respondent.

*Per Curiam.* The complaint contains three causes of action. The defendants moved to dismiss the first cause of action. The plaintiff cross-moved for summary judgment on the second and third causes of action. The court denied defendants' motion to dismiss and granted plaintiff's cross motion as regards the second cause of action only. The denial of the motion as regards the third cause of action has not been appealed from.

The first cause of action is in equity for an accounting and arises out of a contract between the parties. The contract is a rather unusual one. Defendants are in the business of supplying promotional literature and sales aids to retailers and also sell certain articles which might be described as novelties. By the contract they agreed to promote Mother's Day by a campaign of selling their literature and aids to retailers and to do this under the aegis of the plaintiff. The plaintiff is a membership corporation. It has a trade promotion division which conducts promotional campaigns, and it was the activity of this division that defendants undertook to provide. In so doing, they were permitted to represent themselves as, or as acting for, the plaintiff. The parties further agreed that defendants were to collect all returns for service or merchandise furnished to retailers and the proceeds were to be divided on a sliding scale of percentages, depending on the amount of business done. The percentages accruing to plaintiff vary between 5 and 15%. There are elaborate provisions for an audit of defendants' transactions by a mutually selected accountant whose determination is to be final. Although the contract is peculiarly drawn, its import is quite clear. It is in effect a license to defendants to use plaintiff's name, prestige and prior experience in their sales in relation to the synthetic holiday in return for a percentage of the proceeds of these sales. The complaint further alleges that the defendants breached the contract in that they diverted sales to other corporations and concealed these transactions from the accountant who made the audits. It is also alleged that defendants promoted sales in sales materials that were in competition with plaintiff and that they licensed others to sell materials without accounting for the proceeds so received.

While these facts would give rise to a cause of action for breach of contract or possibly for fraud, they do not constitute a basis for an accounting. Concededly, the existence of a fiduciary relationship is an essential for such an action. Nothing of the sort is alleged here. The mere fact that the defendants collected the proceeds and the plaintiff may be unaware of the exact amount to which it is entitled does not make the defendants fiduciaries (*Hutchinson* v. *Birdsong,* 211 App. Div. 316). It is

also apparent from the contract that this was not a joint venture. At most it can be said that the parties shared an interest in the amount of sales the defendants would be able to effect. Nor is there any claim that an agency is involved. While to the customers with whom defendants dealt such might well have appeared to be their relationship, the contract makes clear that this was not the case, nor is it so asserted by plaintiff. The specific ground referred to by Special Term is that defendants held property for plaintiff. Actually, as appears from the above, no property of plaintiff was ever in defendants' hands. What defendants received was the proceeds from the sales of their own goods, a part of which proceeds, when ascertained, they would owe to plaintiff. The sum owed is a mere debt as contrasted with a trust fund. As the complaint shows no ground for equitable relief, a motion to dismiss on that ground before answer should have been granted (*Terner* v. *Glickstein & Terner,* 283 N. Y. 299). Special Term had some reservations on this point because permission to move was granted after pretrial procedures. This reservation was improper because it is the complaint which determines the cause of action, not what is developed thereafter, and if the allegations are insufficient defendants have a present right to have it put in proper form.

The second cause of action seeks recovery of a certain sum found by the accountant to be due. Prior to suit defendants admitted this amount to be due and offered to pay it in full settlement. On this motion defendants had two objections. The first was that due to returns of merchandise since the making of the audit they were entitled to certain credits. In awarding judgment Special Term made due allowance for these credits, so this objection was obviated. Secondly, it is claimed that plaintiff refuses to acknowledge the propriety of the audit and denies the authority of the auditor, thus leaving the question of the amount due open. However, defendants admit that they owe this sum under the contract, and the fact that plaintiff may claim a greater sum does not defeat its right to judgment for the sum admitted (*Fleder* v. *Itkin,* 294 N. Y. 77).

The order should be modified on the law by granting defendants' motion to dismiss the first cause of action, with leave to plaintiff to serve an amended complaint in an action at law and, as so modified, affirmed, without costs.

McNALLY, J. (dissenting). I dissent, in part, and vote to affirm.

It would appear that plaintiff may maintain the first cause of action in equity for an accounting upon the claimed basis that property of the plaintiff was entrusted to defendants. Pretrial

procedures may, as suggested by Special Term, disprove a trust or fiduciary relationship and afford a basis for other appropriate relief.

RABIN, J. P., STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; McNALLY, J., dissents in part and votes to affirm in memorandum, in which EAGER, J., concurs.

Order, so far as appealed from, entered on June 12, 1962, modified on the law by granting defendants' motion to dismiss the first cause of action, with leave to plaintiff to serve an amended complaint in an action at law and, as so modified, affirmed, without costs.