■ JOEL WARSHAW et al., Appellants, v CARLIS REALTY CORP. et al., Defendants, and MADELINE TRUPIANO, Doing Business as MADELINE INDIVIDUAL EYELASHES & WAXING, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated May 1, 1986, which granted the motion of the defendant Trupiano to dismiss the complaint pursuant to CPLR 3216 for want of prosecution to the extent of dismissing the complaint as against her.

Ordered that the order is affirmed, with costs.

The Supreme Court did not abuse its discretion in dismissing the complaint as against the moving defendant for lack of prosecution *(see,* CPLR 3216). Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.

■ WESTSIDE FEDERAL SAVINGS & LOAN ASSOCIATION OF NEW YORK CITY, Appellant, v JOHN FITZGERALD, Respondent, et al., Defendants.—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Orange County (Ritter, J.), entered July 28, 1986, which granted the defendant John Fitzgerald's motion to vacate a judgment of foreclosure and to set aside the sale of the property.

Ordered that the order is affirmed, with costs.

The court did not err in concluding that the plaintiff Westside Federal Savings & Loan Association of New York City (hereinafter Westside Federal) lacked the capacity to commence this lawsuit. It is undisputed, insofar as the record is concerned, that prior to the commencement of the subject lawsuit, Westside Federal had been merged with, and completely absorbed by, another banking institution and thereby ceased to exist as an independent jural entity. As this court has observed, "[o]nce such a merger has been effected, the absorbed corporation immediately ceases to exist as a separate entity, and may no longer be a named party in litigation" *(Sheldon v Kimberly-Clark Corp.,* 105 AD2d 273, 276).

In light of the foregoing, the order appealed from should be affirmed. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.