■ QUEENS GROUP, INC., Appellant, v MARTIN PACKAGING CORP. et al., Respondents. [666 NYS2d 593] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered June 10, 1997, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The IAS Court correctly held that plaintiff has no cause of action (see, Leon v Martinez, 84 NY2d 83, 87-88). The second cause of action for fraud against the individual defendants is not viable since it relates solely to the purported breach of contract (see, Stuart Lipsky, P. C. v Price, 215 AD2d 102). The third cause of action, which is based solely upon a purported oral continuation of the restrictive covenant contained in the parties' written 1982 contract terminated by plaintiff, is not viable since by its terms the restrictive covenant is not capable of performance within one year (General Obligations Law § 5-701 [a] [1]). The balance of the complaint, which seeks to recover for the corporate defendant's "brokering out" of work from plaintiff's customers or former customers, and is based on an alleged oral agreement to continue the substantive provisions of the 1982 written contract, is not viable since, aside from the fact that the alleged oral agreement is flatly contradicted by plaintiff's letter terminating the 1982 written contract, any obligation on defendants' part to process brokered work through plaintiff could arise under the 1982

contract only through application of the unenforceable restrictive covenant. The doctrine of part performance does not avail plaintiff absent any allegations of conduct unequivocally referable to those portions of the alleged oral extension agreement that were allegedly breached (*see*, *U.K. Cable Ventures v Bell Atl. Invs.*, 232 AD2d 294, 295, *lv dismissed* 89 NY2d 981). Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.