■ CAROLYN A. CURRIER, Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent. [697 NYS2d 774] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 13, 1998 in Schenectady County, which granted defendant's motion for partial summary judgment dismissing the first cause of action.

Plaintiff commenced this action against defendant alleging, *inter alia*, that defendant breached the brokerage agreement that it entered into with plaintiff in or about April 1982 or May 1982. Following joinder of issue, discovery and the service of amended pleadings, defendant moved for partial summary judgment dismissing plaintiff's first cause of action for breach of contract contending that such cause of action was barred by the Statute of Frauds. Supreme Court granted defendant's motion and this appeal by plaintiff followed.

In accordance with the Statute of Frauds, an agreement that "[b]y its terms is not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]) is void unless it is in writing and "subscribed by the party to be charged therewith" (General Obligations Law § 5-701 [a]). To that end, it has long been the rule that "[a] service contract of indefinite duration, in which one party agrees to procure customers or accounts or orders on behalf of a second party, is not by its terms performable within a year—and hence must be in writing * * *—since performance is dependent, not upon the will of the parties to the contract, but upon that of a third party" (*Zupan v Blumberg*, 2 NY2d 547, 550; *see, Kalfin v United States Olympic Comm.*, 209 AD2d 279, 280; *McCollester v Chisholm*, 104 AD2d 361, 361-362, *affd* 65 NY2d 891). Plaintiff, although acknowledging the holding in *Zupan v Blumberg* (*supra*), contends that the rationale employed therein does not apply here because the brokerage agreement entered into with defendant was terminable for cause and, hence, could be performed within a one-year period. We cannot agree.

As evidence of the underlying brokerage agreement and in support of her assertion that the Statute of Frauds is inapplicable thereto, plaintiff points to a July 30, 1982 letter addressed to her attorney and authored by one of defendant's vice-presidents, the text of which provides, in relevant part, as follows: "[Plaintiff] will continue to receive updated policy records on [certain specified] clients until such time as Len Biles [one of defendant's managers] determines these clients are not being properly served. You should know, however, that [Biles] will only take action to remove these clients if [plaintiff's] clients ask him to do so." As the foregoing text makes clear, the decision to remove plaintiff from certain accounts rested not in the hands of defendant but, rather, was dependent upon the acts of third parties—namely, plaintiff's clients (*compare, North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 176-177). Accordingly, the brokerage agreement was not terminable for cause and Supreme Court properly concluded that the Statute of Frauds indeed was applicable.

Equally unpersuasive is plaintiff's alternative assertion that the documents contained in the record are sufficient to satisfy the Statute of Frauds. In order for a written memorandum or note to meet the requirements imposed by the Statute of Frauds, it must, as noted previously, be "subscribed by the party to be charged therewith" (General Obligations Law § 5-701 [a]) and, further, " 'must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is' " (*HPSC, Inc. v Matthews*, 179 AD2d 974, 975, quoting *Mentz v Newwitter*, 122 NY 491, 497; *see, Warner & Whitney v Union Camp Corp.*, 166 AD2d 776, 777). As neither the July 30, 1982 letter nor the June 8, 1982 letter relied upon by plaintiff makes any mention of the duration of the brokerage agreement and/or the specific terms and conditions thereof, including the compensation to be paid to plaintiff, we find such letters to fall short of satisfying the writing requirement imposed by the Statute of Frauds. Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the first cause of action for breach of contract.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.