■ MARINO D'ORAZIO, Respondent-Appellant, v ALFRED B. MAINETTI et al., Appellants-Respondents. [833 NYS2d 727]—

Rose, J. Cross appeals from an order of the Supreme Court (Hummel, J.), entered May 18, 2006 in Ulster County, which,

inter alia, denied defendants' motion for leave to serve an amended answer and counterclaim.

Plaintiff commenced this action in April 2002 seeking to recover corporate assets allegedly owed to him following his withdrawal from his former law firm, Mainetti, Mainetti & D'Orazio, P.C. (*see* 24 AD3d 915 [2005]). In March 2006, defendants moved to amend their answer to add an affirmative defense and counterclaim based upon a written partnership agreement that had been signed by plaintiff when he began practicing law with defendant Alfred B. Mainetti in 1995. Plaintiff cross-moved for an order striking defendants' pleadings for their continuing failure to comply with court-ordered disclosure. Although Supreme Court noted that defendants had failed to comply with disclosure orders and unnecessarily delayed the litigation by engaging in improper tactics, it denied plaintiff's cross motion on the condition that defendants provide disclosure within 45 days and submit to depositions within 60 days. The court also denied defendants' motion to amend. Defendants and plaintiff now cross-appeal.

We note that although leave to amend pleadings is generally freely given (*see* CPLR 3025 [b]), the proponent of a motion to amend is required to make an evidentiary showing sufficient to support the proposed claim (*see Pacheco v United Med. Assoc.*, 305 AD2d 711, 714 [2003]; *Jackson v Dow Chem. Co.*, 295 AD2d 855, 856 [2002]). Here, defendants' answer admitted plaintiff's allegation in the complaint that he and Mainetti had converted their partnership into a professional corporation in February 2001. Accordingly, defendants' mere submission of the initial partnership agreement failed to support their claim that the agreement's terms would govern the parties' obligations upon plaintiff's withdrawal from the professional corporation in October 2001. The only other submission on defendants' motion was an affidavit of their attorney, who had no personal knowledge upon which to base his assertion that the agreement would affect the financial consequences of plaintiff's withdrawal if the former law firm were deemed to be operating as a partnership. Under these circumstances, and given Supreme Court's finding that defendants have deliberately delayed the litigation and wasted the time of the court and counsel, we cannot say that defendants have demonstrated an abuse of Supreme Court's discretion in denying the proposed amendment (*see e.g. Sadler v Town of Hurley*, 304 AD2d 930, 931 [2003]).

As for plaintiff's appeal, CPLR 3126 authorizes the fashioning of an appropriate remedy when a party has willfully failed to obey a disclosure order, and the trial court's choice of remedy

will not be disturbed unless there is a clear abuse of discretion (*see Moak v Raynor*, 28 AD3d 900, 903-904 [2006]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660 [2004]). Finding none here, we discern no error.

Cardona, P.J., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.