■ GERSTEN-HILLMAN AGENCY, INC., Respondent, v RUSS HEYMAN, Appellant. [892 NYS2d 209]—

Peters, J.P.

In 1995, plaintiff entered into an oral agreement with defendant, an insurance broker, whereby defendant agreed to operate as an independent contractor in the sale of insurance products. Plaintiff's complaint alleges that, under the terms of the agreement, defendant was to retain 60% of all commissions earned on accounts and policies he produced in the fields of life, accidental and health insurance, as well as variable life/variable annuities, with the remaining 40% of these commissions to be remitted to plaintiff. Commissions earned on accounts and policies produced by defendant for property, casualty, personal lines and baggage insurance were to be shared 35% to defendant and 65% to plaintiff. According to plaintiff, the commissions earned on renewals of those accounts and policies produced by defendant were to be shared in the same manner. The complaint also alleges that the agreement called for defendant to provide plaintiff with a monthly accounting of each policy he produced and the commission earned thereon. The parties operated in accordance with this arrangement for approximately 11 years, until plaintiff was sold to Marshall & Sterling, Inc. in May 2006. On June 30, 2006, defendant terminated his relationship with plaintiff and sent a final payment to plaintiff representing com-

missions earned during that month. Plaintiff responded by requesting the accounting for the six-month period ending in June 2006 and a continuing payment of 40% of the commissions due on any account and policy renewals. Defendant did not comply with the request.

Plaintiff thereafter commenced this action against defendant seeking (1) an accounting of all accounts, policies produced, accounts renewed and commissions due to each party pursuant to the oral agreement between the parties, (2) a declaration that such agreement was fully performed by both parties, with the exception of accurate accountings and the remitting of all commissions due, and (3) an order directing defendant to pay commissions on all policy renewals occurring subsequent to June 30, 2006. After defendant failed to respond to plaintiff's discovery demands and ultimately Supreme Court's scheduling order, plaintiff moved to strike defendant's answer. In response, defendant cross-moved for summary judgment dismissing the complaint and, in the alternative, leave to amend his answer to include additional affirmative defenses and counterclaims. Supreme Court conditionally granted plaintiff's motion to strike defendant's answer unless defendant responded to plaintiff's discovery demands by a specified date. The court then denied defendant's summary judgment motion pursuant to CPLR 3212 (f), finding that the information demanded by plaintiff was in defendant's exclusive knowledge and control and could reveal the existence of material issues of fact, and also denied his motion for leave to file an amended answer. Defendant now appeals.

Supreme Court erred in failing to grant defendant summary judgment dismissing plaintiff's cause of action for an accounting. It is well settled that an equitable action for an accounting will not lie in the absence of a fiduciary relationship between the parties (*see Bradkin v Leverton*, 26 NY2d 192, 199 n 4 [1970]; *Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 886 [2004]; *Village of Hoosick Falls v Allard*, 249 AD2d 876, 879 [1998], *lv denied* 92 NY2d 807 [1998]; *Reichert v MacFarland Bldrs.*, 85 AD3d 767, 768 [1981]; *Brigham v McCabe*, 27 AD2d 100, 105 [1966], *affd* 20 NY2d 525 [1967]). Here, plaintiff's complaint does not allege—nor do any of the facts pleaded reveal—the existence of a fiduciary or confidential relationship between the parties. Rather, the complaint expressly alleges that defendant was hired as an independent contractor for the sale of insurance policies, and that the parties were to share in the commissions from all policies sold in a specified manner. What defendant received was the proceeds from the sales of insurance

policies he made, a part of which proceeds, when ascertained, he would owe to plaintiff. "The mere fact that the defendant[ ] collected the proceeds and the plaintiff may be unaware of the exact amount to which it is entitled does not make the defendant [a] fiduciar[y]" (*National Comm. on Observance of Mother's Day v Kirby, Block & Co.*, 17 AD2d 390, 391 [1962] [citation omitted]; *see Waldman v Englishtown Sportswear*, 92 AD2d 833, 835-836 [1983]; *Sinkwich v Drew & Co.*, 2 AD2d 788, 789 [1956]; *Freeman v Miller*, 157 App Div 715, 719 [1913]). Rather, "[t]he sum owed is a mere debt as contrasted with a trust fund," for which an equitable action for an accounting cannot be maintained (*National Comm. on Observance of Mother's Day v Kirby, Block & Co.*, 17 AD2d at 392; *see Model Bldg. & Loan Assn. of Mott Haven v Reeves*, 236 NY 331, 339 [1923]; *Marvin v Brooks*, 94 NY 71, 80-81 [1883]). Thus, plaintiff is relegated to an action at law for damages for the alleged breach of the agreement by defendant (*see Schantz v Oakman*, 163 NY 148, 157-158 [1900]), and can determine the amount it is owed, if any, through an examination before trial and discovery (*see Sinkwich v Drew & Co.*, 2 AD2d at 789; *Hermes v Compton*, 260 App Div 507, 509-510 [1940]; *Pelkey v Pelkey*, 236 App Div 55, 57 [1932]; *Hutchinson v Birdsong*, 211 App Div 316, 320 [1925]; *see also* 1 NY Jur 2d, Accounts and Accounting § 34).

We also find that Supreme Court erred in denying defendant's summary judgment motion to the extent that it sought to dismiss plaintiff's claim for future commissions on policy renewals. General Obligations Law § 5-701 (a) (1) requires an agreement to be in writing and subscribed by the party to be charged if such agreement "[b]y its terms is not to be performed within one year of the making thereof." "To that end, it has long been the rule that '[a] service contract of indefinite duration, in which one party agrees to procure customers or accounts or orders on behalf of a second party, is not by its terms performable within a year—and hence must be in writing . . . —since performance is dependent, not upon the will of the parties to the contract, but upon that of a third party' " (*Currier v Prudential Ins. Co. of Am.*, 266 AD2d 596, 597 [1999], quoting *Zupan v Blumberg*, 2 NY2d 547, 550 [1957] [citations omitted]). As such, "an oral promise to pay renewal commissions following the termination of an at-will employment relationship is unenforceable under the [s]tatute of [f]rauds" (*Whitehorn Assoc. v One Ten Brokerage*, 264 AD2d 516, 517 [1999]; *see Strauss v Fleet Mtge. Corp.*, 282 AD2d 736, 736 [2001]; *Caruso v Malang*, 250 AD2d 800, 801 [1998]; *Gold v Benefit Plan Adm'rs*, 233 AD2d 421 [1996]; *Apostolos v R.D.T. Brokerage Corp.*, 159 AD2d 62, 64-65 [1990]).

In opposition to defendant's motion, plaintiff argued that

summary judgment was premature because the facts necessary to oppose the motion may be in the exclusive possession of defendant. More specifically, plaintiff claimed that defendant's responses to its discovery requests may, collectively, produce the necessary writing to satisfy the statute of frauds with respect to this alleged agreement to pay future commissions. While it is true that "[a] motion for summary judgment may be opposed with the claim that facts essential to justify opposition may exist but that such material facts are within the exclusive knowledge and possession of the moving party" (*Pank v Village of Canajoharie*, 275 AD2d 508, 509 [2000]; *see* CPLR 3212 [f]; *Rochester Linoleum & Carpet Ctr., Inc. v Cassin*, 61 AD3d 1201, 1202 [2009]), a party's mere hope or speculation that evidence sufficient to defeat the motion may be uncovered during the discovery process is insufficient to postpone determination on the motion (*see Clochessy v Gagnon*, 58 AD3d 1008, 1010 [2009]; *Svoboda v Our Lady of Lourdes Mem. Hosp., Inc.*, 20 AD3d 805, 806 [2005]; *Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]). Here, not only is it evident that plaintiff's argument is based on pure conjecture and speculation, but it is also clear that any claimed documents are not in defendant's exclusive possession, since plaintiff necessarily possesses any documentation or correspondence between the parties that would reveal an agreement to pay future commissions. Plaintiff's additional assertion that the parties' partial or full performance would take the contract outside of the statute is plainly without merit, since performance of an agreement to pay commissions on future renewals has obviously not yet taken place.

Next, we are unpersuaded by defendant's assertion that the complaint should have been dismissed because plaintiff lacked standing to sue. While the record reveals that shares of plaintiff were sold to Marshall & Sterling, documents also indicate that plaintiff was a division of Marshall & Sterling following the sale and no evidence has been proffered that plaintiff ceases to exist as a corporate entity (*compare Westside Fed. Sav. & Loan Assn. of N.Y. City v Fitzgerald*, 136 AD2d 699 [1988]). Nor do we find that Marshall & Sterling is a necessary party to this action. Plaintiff is seeking to hold defendant accountable for his failure to properly account for commissions due to it during the parties' 11-year relationship and the payment of future commissions on all renewals of policies that were generated during that period. With no showing by defendant that Marshall & Sterling may be inequitably affected by such a disposition or that complete relief cannot be afforded in its absence (*see* CPLR 1001 [a]), we find that Marshall & Sterling is not a necessary party to this action.

Finally, we address Supreme Court's denial of defendant's motion for leave to serve an amended answer. While leave to amend pleadings is generally freely given (*see* CPLR 3025 [b]), "such determination necessarily rests within the sound discretion of the trial court and, absent a clear abuse of that discretion, will not be lightly cast aside" (*Pagan v Quinn,* 51 AD3d 1299, 1300 [2008]; *see Thomas v Laustrup,* 34 AD3d 1115, 1116 [2006]). Although delay alone is insufficient to bar amendment, "denial of a motion to amend is appropriate when there is prejudice to the opposing party and no showing of a satisfactory excuse for the delay" (*Ciarelli v Lynch,* 46 AD3d 1039, 1040 [2007]; *see Pagan v Quinn,* 51 AD3d at 1300-1301) or where the moving party fails to make an evidentiary showing that the proposed amendment has some merit (*see Trupia v Lake George Cent. School Dist.,* 62 AD3d 67, 68 [2009]; *D'Orazio v Mainetti,* 39 AD3d 981, 982 [2007]; *Jackson v Dow Chem. Co.,* 295 AD2d 855, 856 [2002]).

Here, defendant sought to amend his answer by adding additional affirmative defenses and two counterclaims. With regard to the affirmative defenses, one of which was based upon the Dead Man's Statute (*see* CPLR 4519), defendant provided no basis for the defenses, nor did he proffer any explanation as to why these defenses were unknown at the time issue was joined. Turning to his proposed counterclaims, the first alleges that, at the time the parties entered into the 1995 oral brokerage agreement, plaintiff agreed not to compete with him in the sale of insurance policies in certain fields and that plaintiff breached the noncompete agreement when it was sold to Marshall & Sterling. Such an oral restrictive covenant, however, is barred by the statute of frauds since it is not capable of performance within one year (*see* General Obligations Law § 5-701 [a] [1]; *Queens Group v Martin Packaging Corp.,* 245 AD2d 183, 183 [1997]), and defendant neither addresses nor makes any assertion of any exception that would take this alleged promise outside of the statute. As for his second counterclaim, which seeks a constructive and/or equitable trust, defendant has failed to demonstrate how, as an independent contractor, he would be entitled to any share in the sale of plaintiff. Under these circumstances, and in light of Supreme Court's explicit finding that defendant has deliberately and willfully delayed the litigation, we find no abuse of the court's discretion in denying the proposed amendments (*see D'Orazio v Mainetti,* 39 AD3d at 982).

Defendant's remaining contentions, to the extent not addressed herein, have been found to be unavailing.

Spain, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing the claim for an equitable accounting and the claim for commissions for policy and account renewals after the termination of the alleged oral agreement between the parties; motion granted to said extent and said claims dismissed; and, as so modified, affirmed.