■ CLAIRE H. FREEMAN, Respondent, v EDWARD H. FREEMAN, Appellant.—Order, insofar as appealed from, unanimously reversed, on the law, without costs, in accordance with the following memorandum: The parties owned two parcels of real property as tenants by the entirety before their litigated divorce in 1980. Provisions made for disposition of the property in the amended divorce decree were not carried out. In April 1985 an order was made modifying the provisions of the divorce decree with respect to the real property. That order is the subject of this appeal. We reverse that order insofar as appealed from, because the parties have been tenants in

common since 1980 and the court lacked power to alter their property rights in this manner. We treat the motion to modify as a motion to vacate the 1980 provisions which provided, as to the first parcel, that it be sold promptly at a price agreeable to the parties, or fixed by the court if the parties could not agree, and which provided, as to the second parcel, that the plaintiff must convey her interest to defendant at a price to be set by agreement or appraisal. The court lacks the power to order such dispositions unless the parties have agreed to them and these provisions must be vacated (*Szabo v Szabo,* 71 AD2d 32). The parties' remedy is an action in partition if they cannot agree. (Appeal from order of Supreme Court, Oneida County, Grow, J.—enforce decree.) Present—Doerr, J. P., Boomer, Pine and Schnepp, JJ.