■ DOROTHY T. CARY, Appellant, v J. RAYMOND FISHER, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Conway, J.), entered May 2, 1988 in Albany County, which granted defendant's motion to dismiss the second cause of action of plaintiff's second amended complaint on the ground of collateral estoppel.

In the second cause of action of her first amended complaint, plaintiff alleged that defendant, as her counsel, was guilty of legal malpractice by failing to timely record her judgment of divorce, which was dated December 8, 1980, until September 8, 1982, thereby allowing all judgments filed against her husband after July 15, 1981 to become prior liens on the marital property to her detriment. Supreme Court (Prior, Jr., J.) dismissed this cause of action on the ground that plaintiff was not personally liable for judgments of her ex-husband entered after July 15, 1981, the date on which he had deeded his interest in the marital property to her. Therefore, the court found that these judgments did not become liens on the property. The issue now before us is whether Supreme Court properly granted defendant's motion to dismiss plaintiff's second cause of action in her second amended

complaint as barred by res judicata or collateral estoppel.* The court found that plaintiff was foreclosed from seeking relief sought in the second cause of action by virtue of the prior grant of summary judgment to defendant dismissing plaintiff's second cause of action in her first amended complaint.

Material facts or questions which were in issue in a prior action and were admitted or judicially determined therein may not again be litigated in a subsequent action (see, 9 Carmody-Wait 2d, NY Prac § 63:204, at 208). The estoppel of a former judgment extends to every material matter within the issues which were expressly litigated and determined, and also those matters which, although not expressly determined, are comprehended and involved in the thing expressly decided, regardless of whether they were actually litigated or considered (see, 9 Carmody-Wait 2d, NY Prac § 63:205, at 211).

In the second cause of action of her second amended complaint plaintiff alleged the same acts of malpractice against defendant, that is, a failure to timely record her judgment of divorce, but as applicable to the time frame of December 8, 1980 (the grant of her divorce) and July 15, 1981 (the date the marital property was deeded to her). However, we do not find that the prior summary judgment determination foreclosed plaintiff's instant claim on res judicata or collateral estoppel grounds. The issue in the former action related to creditors of the husband securing judgment after July 15, 1981, as opposed to the instant matter which relates to the effect that creditors securing judgments against plaintiff's husband before July 15, 1981 have on her equity in the marital estate. The issues are distinct and separate.

Having concluded that the principles of res judicata and collateral estoppel are inapplicable, we nonetheless dismiss plaintiff's second cause of action of her second amended complaint pursuant to CPLR 3211 (a) (7) as failing to state a cause of action. In the absence of an expression of contrary intention, an estate by the entirety arises from a conveyance or devise to a husband and wife (EPTL 6-2.2 [b]). Plaintiff and her husband owned the marital property as tenants by the entirety. Upon a divorce, each spouse becomes a tenant in common (Freeman v Freeman, 112 AD2d 805). The judgment of divorce became effective when granted and not when re-

---

* Supreme Court's order mistakenly dismissed plaintiff's entire complaint. On November 23, 1988 it was resettled to reflect that only the second cause of action was being dismissed.

corded *(see,* CPLR 5016). The possession of tenants in common is *per my,* not *per tout (Taylor v Millard,* 118 NY 244, 250). The presumption is that cotenants hold equal shares *(Bell v Little,* 204 App Div 235, *affd* 237 NY 519).

The tenancy in common ceased here upon conveyance of the property by the husband to plaintiff *(see,* 24 NY Jur 2d, Cotenancy and Partition, § 15, at 271). "Since each tenant in common holds his title and interest independently of the other tenants in common, he may encumber or dispose of his interest * * * without seeking their consent or joinder to the [conveyance]" (24 NY Jur 2d, Cotenancy and Partition, § 84, at 342-343). Therefore, the judgments against plaintiff's ex-husband attached to his undivided share in the marital property and not to her share. The failure to file the judgment of divorce did not bear on the operation of law as to the nature of plaintiff's tenancy in common with her ex-husband in the marital property. Her interests were not affected by the failure to file the divorce decree in the County Clerk's office. Consequently, the actions complained of in the second cause of action of the second amended complaint as constituting malpractice fail to state a cause of action.

Order affirmed, without costs. Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

Kane, J. P., dissents and votes to reverse in a memorandum. Kane, J. P. (dissenting). While I agree with the majority that plaintiff was not precluded from maintaining her second cause of action by reason of collateral estoppel or res judicata, I disagree with the conclusion that plaintiff failed to state a cause of action. It is true that real property held by a husband and wife as tenants by the entirety is transformed to a single tenancy in common after the parties are divorced *(V.R.W., Inc. v Klein,* 68 NY2d 560, 566). Here, however, it is alleged that the judgment of divorce was never recorded. Domestic Relations Law § 234 states that a judgment of divorce affecting title to real property "shall be recorded". It has been noted that: "mere entry of judgment would not be sufficient to put a third party, such as a subsequent mortgagee, on notice of the terms of the judgment, particularly since matrimonial judgments are generally not open to public inspection" (Scheinkman, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, 1989 Pocket Part, Domestic Relations Law C234:4, at 9).

Additionally, in a recent Second Department case, after the parties were divorced, the wife obtained a mortgage loan

*(Robins v Robins,* 139 AD2d 718). The judgment of divorce was apparently never recorded. While the court held that the wife's mortgagee was bound by the divorce judgment, there the mortgagee's attorney had actual knowledge of the change in the wife's interest in the property *(supra,* at 720). What this suggests is that knowledge of the judgment, whether constructive or actual, by a third party is essential for the third party to be bound (Scheinkman, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, 1989 Pocket Part, Domestic Relations Law C234:4, at 9). Therefore, since in this case the circumstances of the judgments entered against plaintiff's ex-husband are not yet known due to the fact that the suit is in its preliminary stages, it cannot be said as a matter of law that plaintiff failed to state a cause of action. Accordingly, I would reverse Supreme Court's order, deny defendant's motion and permit the second cause of action to stand.