■ DANIEL D. HAYES, JR., Individually and as Parent, Natural Guardian and Administrator of the Estate of DANIEL D. HAYES, III, Deceased, et al., Appellants, v DUANE C. RECORD et al., Respondents.—Kane, J. P.

Plaintiffs have commenced an action against four defendant physicians, individually and as a professional corporation, and defendant Champlain Valley Physicians Hospital for, *inter alia,* wrongful death and pain and suffering alleging negligence and medical malpractice in the delivery, treatment and untimely death of six-day-old infant Daniel D. Hayes, III. In addition, plaintiff Cheryl Hayes, the deceased infant's mother, has included in the complaint a fourth cause of action for individual damages suffered from "anxiety, mental anguish and shock" attendant to the alleged maltreatment and death of her son.

After issue was joined, defendants moved and cross-moved for an order dismissing the fourth cause of action for emotional distress on the ground that it failed to state a cause of action by omitting allegations of physical injury. Plaintiffs cross-moved for an order to amend the complaint and to specify the extent of physical injuries caused by the mother's alleged emotional distress. Supreme Court granted defendants the relief requested, dismissed the fourth cause of action and denied plaintiffs' motion to amend their complaint, the order from which plaintiffs now appeal.

We affirm. State tort law requires independent physical injury for a mother to recover for emotional distress caused by negligent medical treatment resulting in death or injury to a child either in utero or postpartum (*see, Tebbutt v Virostek,* 65 NY2d 931, 932; *Vaccaro v Squibb Corp.,* 52 NY2d 809, 810; *Sceusa v Mastor,* 135 AD2d 117, 120, *lv dismissed* 72 NY2d 909). Supreme Court properly dismissed the fourth cause of action because, although it alleges emotional distress, the complaint fails to plead the necessary independent physical injury. We are unpersuaded by plaintiffs' argument that the complaint's mention of "anxiety attacks" fulfills this requirement, even under the most liberal pleading standards.

We also decline to disturb Supreme Court's refusal to allow plaintiffs to amend the complaint and cure this deficiency. While a motion for leave to amend pleadings should be freely granted (CPLR 3025 [b]), such leave is for the trial court to

decide and its determination, absent a clear abuse of discretion, is not lightly set aside *(see, Pitcher v Quinn,* 144 AD2d 115, 116; *Beuschel v Malm,* 114 AD2d 569). A motion for leave to amend a complaint for personal injury must be supported by competent medical proof showing a causal nexus between the injury and alleged malpractice *(see, McGuire v Small,* 129 AD2d 429; *Ortiz v Bono,* 101 AD2d 812). Plaintiffs rely on the unsworn letter of a physician stating that "[i]t is highly probable" that the stress placed on the mother by her pregnancy and infant son's death "might be considered as [a] triggering mechanism that led to her development of overt diabetes mellitus". We find that this note, speculative and equivocal at best, does not constitute competent medical proof and fails to draw, more than in a purely conclusory fashion, any causal connection between defendants' alleged malpractice and the mother's injuries.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.