■ DOROTHY T. CARY, Appellant, v J. RAYMOND FISHER, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Conway, J.), entered July 6, 1989 in Albany County, which denied plaintiff's motion for leave to serve a third amended complaint.

This malpractice action against defendant arises from plaintiff's prior matrimonial litigation against her former husband wherein defendant represented her as her attorney. The first cause of action in plaintiff's second amended complaint alleged that defendant failed to check title to plaintiff's marital residence which she then owned with her former husband as tenants in common before advising plaintiff to consent to a modification of their November 5, 1980 stipulated support agreement. Thereafter, a decree divorcing the parties was granted on December 8, 1980. As consideration for the support modification, plaintiff's husband transferred to her all his right, title and interest in the marital residence. The modification agreement was executed on July 8, 1981 and the deed was recorded on July 15, 1981. In her first cause of action, plaintiff claimed $22,554.85 in damages for judgments entered against her former husband which defendant failed to detect and advise plaintiff of.

Plaintiff's second cause of action in the second amended complaint claimed damages for an additional $5,984.32 which represented other judgments on record against her former husband as of July 15, 1981 due to defendant's alleged malpractice in not recording the judgment of divorce until September 8, 1982.

Defendant moved to strike the second cause of action in the second amended complaint on the ground of collateral estoppel. Supreme Court granted the relief requested. The order striking the second cause of action was appealed to this court and we affirmed Supreme Court's order on other grounds, i.e., the failure to state a cause of action (149 AD2d 890).

Plaintiff subsequently moved to serve a third amended complaint amending paragraphs 32 and 33 of the first cause of action asserted in the second amended complaint. The proposed amendment would change the date asserted in paragraph 32 from December 8, 1980 to July 15, 1981 and would also change the amount stated in paragraph 33 from $22,554.85 to $28,539.17. This amendment would have the effect of increasing the damages demanded in such cause of action by $5,984.32 and would permit plaintiff to prove two additional judgments totaling that sum entered against defendant prior to July 15, 1981. Supreme Court denied the motion for leave to serve a third amended complaint, holding that the earlier decision of this court dismissing the second cause of action of plaintiff's second amended complaint operates to preclude plaintiff from amending the complaint to allege further damages and that the rights of defendant would be substantially prejudiced by the proposed amendment. This appeal ensued.

The order of Supreme Court should be reversed and plaintiff's motion for leave to serve a third amended complaint granted. Plaintiff merely seeks to amend the first cause of action to add facts and increase the ad damnum clause. Defendant has failed to show that he would be prejudiced in any way by the amendment. In *Edenwald Contr. Co. v City of New York* (60 NY2d 957, 959), the Court of Appeals stated that: "Permission to amend pleadings should be 'freely given' (CPLR 3025, subd [b]). The decision to allow or disallow the amendment is committed to the court's discretion. *(Murray v City of New York,* 43 NY2d 400, 404-405.)* 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine.' (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 477.)" Supreme Court clearly abused its discretion in failing to grant plaintiff's motion to amend in this case *(see, Fahey v County of Ontario,* 44 NY2d 934, 935; *Powe v City of Albany,* 130 AD2d 823; *Rife v Union Coll.,* 30 AD2d 504, 505).

Order reversed, on the law and the facts, without costs, and

motion granted. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.