■ JEM, INC., Respondent, v GORDON DEWEY et al., Appellants. [599 NYS2d 707] —Levine, J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 12, 1992 in Albany County, which, inter alia, partially granted plaintiff's motion for summary judgment.

Plaintiff commenced this RPAPL article 15 action for a determination of claims to an easement right-of-way for egress and ingress from its property to Avon Court in Albany County. Plaintiff sought in its first cause of action a declaration that defendants' adjacent property is subject to an easement, in its second cause of action an injunction against defendants' interference with the easement and removal of all obstructions, and in its remaining causes of action damages. Plaintiff was awarded partial summary judgment on the first two causes of action and a trial on damages was ordered. Defendants now appeal.

The parties derived their property from a common grantor, Gerrity Company, as follows. By deed recorded February 10, 1967, Gerrity conveyed to Gerard Conway and Barry Fuller (plaintiff's predecessors in interest) (1) a 50-foot by 100-foot parcel "adjacent and to the rear of No. 10 Avon Court" (hereinafter the 50 foot × 100 foot parcel), (2) a 14-foot by 150-foot easement or permanent right-of-way (hereinafter the 14-

foot easement) "across the said lot above mentioned it being intended to convey such right of way which is an extension of the present driveway", and (3) a parcel of land approximately 5½ acres "adjacent and to the rear of the premises known as No. 10 Avon". Also, by deed recorded February 10, 1967, Gerrity conveyed 10 Avon Court to Lillian Mulligan (defendants' predecessor in interest), which was expressly "subject to an easement of ingress and egress over a parcel of land ten feet wide and 150 feet long" (hereinafter the 10-foot easement) running along the southwesterly corner of 10 Avon Court, "for the purpose of egress and ingress to and from the property adjacent to and southerly from [10 Avon Court, which is] to be kept free of all obstructions". Defendants acquired title to 10 Avon Court by Executor's deed recorded March 26, 1985, subject to the identical 10-foot easement as in Mulligan's deed. In the meantime, Albany County foreclosed for tax delinquency on Conway's and Fuller's property, described as the "Rear of Crescent Drive" by deed recorded May 25, 1983 (which a tax map in the record shows is adjacent to and to the rear of Avon Court). By bargain and sale deed recorded January 4, 1985, the County conveyed the "Rear ` Crescent Drive" parcel to plaintiff.

Plaintiff instituted this action in January 1989. The complaint alleges, *inter alia,* that plaintiff is the fee simple owner of the parcel located "behind and on the westerly side of 10 Avon Court" acquired from the County by deed recorded January 4, 1985, and that by virtue thereof plaintiff also acquired a 14-foot easement for access and egress to and from plaintiff's property over the westerly portion of defendants' property. Plaintiff further alleges that defendants committed various physical intrusions on the parcel and damages resulting therefrom. Plaintiff demanded removal of a garage and fencing which defendants had wrongfully erected which overlaps plaintiff's easement obstructing passage to plaintiff's property, and an injunction against interference with and obstruction of the easement.

In their answer, defendants denied that plaintiff had acquired any easement in the deed from the County and denied wrongful interference with or obstruction of plaintiff's easement, but did not deny the complaint's allegation that plaintiff was fee simple owner of the parcel behind and west of 10 Avon Court. However, defendants also asserted an affirmative defense that the parcel allegedly trespassed upon was owned by them through adverse possession and that plaintiff never acquired fee simple title to that parcel.

After discovery was completed, plaintiff moved for partial summary judgment on its first and second causes of action, relying on easements described in both parties' chains of title. Defendants opposed the motion, claiming that the 50 foot × 100 foot parcel behind 10 Avon Court was not conveyed to plaintiff in the foreclosure sale deed and that defendants (and their predecessors) had acquired that parcel by adverse possession, thereby destroying any easement running from that parcel over defendants' land.

Defendants also cross-moved to serve an amended answer, *inter alia,* to deny that plaintiff ever acquired title to the adjacent 50 foot × 100 foot parcel behind 10 Avon Court and to assert defendants' ownership of that parcel by adverse possession prior to the foreclosure sale, which defendants argued would have been revealed by an inspection of the fenced-in property at the time of the foreclosure sale. Plaintiff opposed defendants' cross motion.

Supreme Court granted plaintiff summary judgment on its first two causes of action, declaring plaintiff entitled to an easement (the dimensions and location of which were not delineated) for ingress and egress between its property and Avon Court, enjoining defendants from interfering with plaintiff's easement over defendants' land and ordering removal of all obstructions on the easement. The court denied defendants' cross motion to amend their answer.

We reverse. It was an abuse of discretion on this record for Supreme Court to deny defendants' application for leave to amend their answer. Leave to amend pleadings is to be freely given *(see,* CPLR 3025 [b]; Siegel, NY Prac § 237, at 352 [2d ed]). Plaintiff was on notice from defendants' original answer that defendants were claiming ownership of the 50 foot × 100 foot parcel (where the easement must originate) through adverse possession, and that defendants were asserting that plaintiff never acquired fee simple title thereto. The record is completely devoid of any evidence that plaintiff would be surprised or otherwise prejudiced by the amended pleading, and the allegations therein cannot be said to plainly lack merit. Therefore, leave to amend should have been granted *(see, Town of Thompson v Alleva,* 76 AD2d 1022).

Moreover, upon our examination of this deficient record, we find several significant unresolved issues precluding the award of partial summary judgment to plaintiff. There is clearly an outstanding triable issue of fact as to whether defendants (or their predecessor in interest) acquired title by adverse posses-

sion to the parcel from which the easement must originate prior to the tax foreclosure sale. There may also be questions unresolved on this record as to whether plaintiff's tax deed conveyed title to the 50 foot × 100 foot parcel, and regarding the sufficiency of the descriptions of the easement and any ambiguities in such descriptions. In view of the foregoing, partial summary judgment should not have been granted plaintiff.

Yesawich Jr., J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, plaintiff's motion for partial summary judgment denied and defendants' cross motion to serve its amended answer granted.