UNITED STATES of America,
Appellee,

v.

SPRINT EQUITIES NY, INC.,
Objector–Appellant.

No. 03–1398.

United States Court of Appeals,
Second Circuit.

March 19, 2004.

John D. Warner, Warner & Scheuerman, New York, New York, for Appellant.

Mary M. Dickman, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Varuni Nelson, Assistant United States Attorney), Brooklyn, New York, for Appellee, of counsel.

PRESENT: POOLER, SOTOMAYOR and WESLEY, Circuit Judges.

## SUMMARY ORDER

█ Familiarity with the facts and procedural context of this appeal is assumed. The district court's order of restitution in the criminal judgment constitutes a lien in favor of the United States on all property and assets of Peter Suckragh, including those purchased with the fruits of his illegal scheme. *See Lavin v. United States,* 299 F.3d 123, 127 (2d Cir.2002) (citing 18 U.S.C. § 3613(c)). The United States is authorized to collect restitution from Suckragh, *see* 18 U.S.C. § 3663A(d) (referring to 18 U.S.C. § 3664); *see also* 18 U.S.C. § 3664(m)(1)(A), and may utilize the procedures of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 (2000), *et. seq.* ("FDCPA"), in doing so, *see* 18

U.S.C. § 3664(m)(1)(A)(ii). Section 3010(a) of the FDCPA permits the government to take action to satisfy the judgment from jointly-held property only to the extent allowed by the law of the state where the property is located. 28 U.S.C. § 3010(a). The pertinent issue on appeal is whether the government acquired all of the interests in real property held by purported tenants-in-common Roy Swaby, Mervyn Jackson and Suckragh, by virtue of a judgment of restitution against only Suckragh arising out of his use of stolen funds to purchase the property. Absent more facts than those found by the district court, we answer the question in the negative, and remand to the district court for a hearing to determine the interests, if any, of objector-appellant Sprint Equities NY, Inc., ("Sprint"), in accordance with New York law.

Under New York law, the inclusion of one's name on a deed as a grantee establishes that the individual acquired some interest in the deeded premises. *See Bell v. Little,* 204 A.D. 235, 238, 197 N.Y.S. 674 (4th Dep't 1922), *aff'd,* 237 N.Y. 519, 143 N.E. 726 (1923). Consequently, when a person's name appears on a deed as a tenant-in-common, and the legitimacy of the deed itself is not challenged, there is no question as to whether the individual has an interest in the subject premises. Rather, the question becomes *how much* of an ownership interest the individual possesses. Moreover, absent an agreement to the contrary or a declaration from the courts, co-tenants-in-common are presumed to hold equal shares in the premises they own. *See Cary v. Fisher,* 149 A.D.2d 890, 892, 541 N.Y.S.2d 138 (3d Dep't 1989). This rebuttable presumption exists even when one co-tenant contributes no part of the consideration furnished for the purchase of the property. *See Bell,* 204 A.D. at 238, 197 N.Y.S. 674.

The district court concluded that Swaby and Jackson never acquired valid ownership interests in the properties and thus that they had no interests to convey to Sprint. However, in reaching this conclusion the district court overlooked the importance of Swaby's and Jackson's names on the deeds and the unchallenged record evidence that Suckragh could not have purchased the properties but for Jackson's and Swaby's collective agreement to assume liability on the mortgages encumbering the properties. Therefore, each supplied some consideration for the purchases. Moreover, the record before us reveals no proof—and the government does not contend—that Swaby or Jackson knew that the money Suckragh used to purchase the properties was stolen or that Swaby or Jackson was part of a scheme to launder stolen money. Also of note, neither Swaby nor Jackson acquired his interest in the properties from Suckragh. Their tenancies, rather, were created contemporaneously with those of Suckragh. Thus, absent a common scheme to defraud the government or a conspiracy to hide the proceeds of Suckragh's crime, Swaby's and Jackson's tenancies are independent of Suckragh's wrongful acts. Consequently, it was error to find that Swaby and Jackson had no interests in the properties as tenants-in-common and to disallow Sprint the opportunity to establish its proportionate share of interests in the properties conveyed by Swaby and Jackson.

■ Additionally, the district court's conclusion that Swaby and Jackson held their interest in the properties in a constructive trust for the United States as collector of restitution is error. Although no set formula under New York law controls a determination of whether a constructive trust is appropriate, because equity is the guidepost, see, e.g., Sharp v. Kosmalski, 40 N.Y.2d 119, 121, 386 N.Y.S.2d 72, 351 N.E.2d 721 (1976), one framework applied by New York courts is the confluence of the following four factors: (1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance thereon; and (4) unjust enrichment. See id. at 121, 386 N.Y.S.2d 72, 351 N.E.2d 721. There is no proof in the record that a constructive trust was established. No fiduciary relationship existed between Swaby, Jackson and the government. Nor was any transfer effectuated in reliance upon any alleged promise. Moreover, neither Swaby nor Jackson would be unjustly enriched if permitted to maintain their ownership interests in the properties as there is no evidence that either Swaby or Jackson was aware that the money Suckragh used to purchase the property was stolen, and both supplied some consideration for their interests in the respective properties.

■ Finally, Swaby and Jackson were free to convey their interests as tenants-in-common to Sprint because neither Swaby nor Jackson were indebted to the government for Suckragh's crime and because a constructive trust was not established in regard to their ownership interests. Sprint did not need to qualify as a bona fide purchaser for value because no legitimate adverse claim, at least from the record before us, existed against Swaby's and Jackson's interests.

Accordingly, the judgment of the District Court is hereby VACATED and the case is REMANDED to the district court for a hearing to determine Sprint's interests, if any, in the properties in accordance with New York law.