■ PETER PAGAN, Appellant, v DAVID E. QUINN, Respondent. [858 NYS2d 818]—

Carpinello, J. Appeal from an order of the Supreme Court (Doyle, J.), entered March 26, 2007 in Albany County, which denied plaintiff's motion for leave to amend the complaint.

Plaintiff commenced this medical malpractice action in June 2004 seeking to recover for injuries allegedly sustained in January 2002 when defendant surgically removed a rod previously inserted to stabilize a fracture to plaintiff's leg. Following joinder of issue and discovery, defendant served an amended answer amplifying an affirmative defense asserted in the original answer. This, in turn, prompted plaintiff to serve an amended complaint, which he contended was authorized under CPLR 3025 (a), setting forth causes of action based upon lack of informed consent and breach of warranty. Defendant rejected the amended complaint, and plaintiff thereafter moved for leave to amend pursuant to CPLR 3025 (b). Supreme Court denied the motion, and this appeal by plaintiff ensued.

Preliminarily, we reject plaintiff's claim that service of the amended answer, which subsequently was withdrawn, entitled him to amend his complaint as of right pursuant to CPLR 3025 (a). The time to amend the complaint without seeking leave of court had long since expired (see CPLR 3025 [a]), and the amended answer served by defendant raised no new matters that would permit plaintiff to reply thereto (see CPLR 3025 [d]). Hence, plaintiff's sole remedy was to move for leave to amend in accordance with CPLR 3025 (b).

In this regard, while leave to amend a pleading generally should be given freely "upon such terms as may be just" (CPLR 3025 [b]), such determination necessarily rests within the sound discretion of the trial court and, absent a clear abuse of that discretion, will not be lightly cast aside (see Ciarelli v Lynch, 46 AD3d 1039, 1040 [2007]; Hayes v Record, 158 AD2d 874, 874-875 [1990]). Thus, "[w]hile delay alone is insufficient to deny a motion to amend, when unexcused lateness is coupled with prej-

udice to the opposing party, denial of the motion is justified" (*Clark v MGM Textiles Indus., Inc.*, 18 AD3d 1006, 1006 [2005]; *see Ciarelli v Lynch*, 46 AD3d at 1040; *Moon v Clear Channel Communications*, 307 AD2d 628, 629-630 [2003]). Moreover, "[a] motion for leave to amend a complaint for personal injury must be supported by competent medical proof showing a causal nexus between the injury and alleged malpractice" (*Hayes v Record*, 158 AD2d at 875).

Here, plaintiff's belated explanation for seeking leave to amend his complaint 4¹/₂ years after the underlying surgery, more than two years after service of the original complaint and two months prior to the scheduled filing of the note of issue— articulated for the first time in counsel's reply affidavit—falls short of the mark. Neither plaintiff's bankruptcy proceeding nor the untimely death of the trial judge initially assigned to this matter constitutes satisfactory excuses for the delay (*cf. Moon v Clear Channel Communications*, 307 AD2d at 630), and plaintiff has offered no other cogent explanation therefor.

As to the issue of prejudice, inasmuch as "lack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence" (*Jolly v Russell*, 203 AD2d 527, 528 [1994]) and, further, is one that "necessarily depends on the recollections of the parties which unavoidably diminish over time" (*Evans v Kringstein*, 193 AD2d 714, 715 [1993] [internal quotation marks and citation omitted]; *see Parese v Gregory B. Shankman, M.D., P.C.*, 300 AD2d 1087, 1088 [2002]), we agree with Supreme Court that defendant would be prejudiced by the proposed amendment. Even if we were not so persuaded, plaintiff's breach of warranty/contract claim "is legally redundant, and may not be pursued unless plaintiff can prove that, within the context of medical treatment, defendant expressed a specific promise to effect a cure or to accomplish some definite result" (*Scalisi v New York Univ. Med. Ctr.*, 24 AD3d 145, 147 [2005]). Our review of the record discloses no such promise. Similarly, plaintiff's conclusory assertion that he was not informed of the relevant risks of the surgical procedure is insufficient to establish the requisite causal nexus between defendant's conduct and plaintiff's injury. Under such circumstances, we cannot say that Supreme Court abused its discretion in denying plaintiff's motion for leave to amend.

Cardona, P.J., Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.