■ Amy Duquette et al., Appellants, v Peter J. Oliva et al., Respondents. [905 NYS2d 316]—

Egan Jr., J. Appeal from an order of the Supreme Court (Muller, J.), entered October 7, 2009 in Clinton County, which denied plaintiffs' motion for leave to amend the complaint.

Plaintiff Amy Duquette (hereinafter plaintiff) initially sought treatment from defendant Peter J. Oliva, a plastic surgeon, in November 2002, when she became concerned about leakage from her existing breast implants. After several consultations, plaintiff underwent breast augmentation and areola reduction surgery. Dissatisfied with the results, plaintiff and her husband, derivatively, commenced this action asserting causes of action sounding primarily in medical malpractice. Following discovery and joinder of issue, plaintiffs moved for leave to amend the complaint pursuant to CPLR 3025 (b) to include a breach of contract claim. Supreme Court denied the motion and plaintiffs now appeal.

"While leave to amend pleadings is generally freely given,

---

2. The issue of notice remains to be determined.

such determination necessarily rests within the sound discretion of the trial court and, absent a clear abuse of that discretion, will not be lightly cast aside" (*Gersten-Hillman Agency, Inc. v Heyman*, 68 AD3d 1284, 1289 [2009] [internal quotation marks and citations omitted]; *see Pagan v Quinn*, 51 AD3d 1299, 1300 [2008]). "Although delay alone is insufficient to bar amendment, denial of a motion to amend is appropriate when there is prejudice to the opposing party and no showing of a satisfactory excuse for the delay or where the moving party fails to make an evidentiary showing that the proposed amendment has some merit" (*Gersten-Hillman Agency, Inc. v Heyman*, 68 AD3d at 1289 [internal quotation marks and citations omitted]). "In assessing the merit of a proposed amendment, however, the proponent is required only to make an evidentiary showing sufficient to support the proposed claim. A summary judgment standard is not to be applied" (*Bast Hatfield, Inc. v Schalmont Cent. School Dist.*, 37 AD3d 987, 988 [2007] [citations omitted]).

Here, we disagree with Supreme Court's determination that the proposed amendment is completely devoid of merit. "A breach of contract claim arising out of the rendering of medical services will be held legally sufficient only when it is based on 'an *express special promise* to effect a cure or to accomplish some definite result' " (*Delaney v Krafte*, 98 AD2d 128, 130 [1984], quoting *Mitchell v Spataro*, 89 AD2d 599 [1982]). While Oliva's agreement to perform both the breast augmentation and areola reduction procedures, generally, does not allege an express promise to achieve a definite result, the same cannot be said of the alleged agreement to use a smooth implant as opposed to the textured version actually implanted and to increase plaintiff's breast size to a D cup. Here, plaintiffs' submissions, including deposition testimony and plaintiff's affidavit, provide sufficient evidentiary support to permit the amendment (*see Leclaire v Fort Hudson Nursing Home, Inc.*, 52 AD3d 1101, 1102 [2008]). Plaintiff testified that Oliva recommended the use of smooth implants rather than textured ones to reduce or eliminate rippling. She averred that she and her husband agreed with his recommendation that smooth implants would be utilized to accomplish this goal. She also testified that, following her surgery, Oliva admitted remembering their agreement about putting in smooth implants, but stated that when he opened up the box containing the implants during surgery and discovered that they were "the wrong ones"—i.e., textured implants—he "put them in anyway." As to the other promise, Oliva testified in his deposition that plaintiff wanted D-cup sized breasts and he, as her surgeon, agreed to meet her request. Both plaintiff and Oliva acknowledge that plaintiff's breasts decreased in size

after the surgery. This evidence shows some merit in plaintiffs' cause of action asserted in the amended complaint, namely that Oliva made express promises to insert smooth implants and to increase her breasts to a specified size, but did not accomplish those results. As defendants failed to demonstrate actual prejudice due to plaintiffs' delay in moving for leave to amend the complaint (*see id.*; *Kaufman v Bauer*, 36 AD3d 481, 484 [2007]), we find that Supreme Court abused its discretion in denying the motion for leave to amend (*see Cary v Fisher*, 161 AD2d 1063, 1064 [1990]).

Stein and McCarthy, JJ., concur.

Spain, J. (dissenting). Respectfully, we must dissent as we cannot agree that Supreme Court abused its discretion in rejecting plaintiffs' motion for leave to amend the complaint to add a breach of contract cause of action.

To sustain the proposed amendment, it was incumbent upon plaintiffs to allege that defendant Peter J. Oliva made "an express special promise to effect a cure or to accomplish some definite result" (*Mitchell v Spataro*, 89 AD2d 599 [1982]; *see Pagan v Quinn*, 51 AD3d 1299, 1301 [2008]; *Dobisky v Rand*, 248 AD2d 903, 905 [1998]), as opposed to a physician's expression of his or her intention to "undertake only to render his [or her] best judgment and skill" in an attempt to produce a patient's desired results (*Robins v Finestone*, 308 NY 543, 546 [1955]). Oliva's alleged failure to do the latter is the foundation of plaintiffs' malpractice claim. We find insufficient evidence of the former to support a breach of contract claim and, accordingly, we would affirm.

With regard to the dissatisfaction that plaintiff Amy Duquette (hereinafter plaintiff) has with the size and appearance of her breasts following the procedure, the record is devoid of any evidence that any precise result was guaranteed that would convert this seemingly viable malpractice claim into a cause of action for a breach of contract. Oliva's acknowledgment that a goal of the surgery was to make plaintiff a D cup does not amount to a promise to produce that result. Likewise, plaintiff's testimony that Oliva "recommended" using a smooth implant, but instead used a textured implant without plaintiff's consent, is insufficient evidence that an express special promise was made to use a smooth implant, regardless of any circumstances that might arise during the surgery. Given the dearth of evidence of any express special promise, we cannot ascribe to the conclusion that Supreme Court abused its discretion in concluding that no sustainable basis exists for amending the complaint to include a breach of contract claim (*see Pagan v Quinn*, 51 AD3d at 1300-1301).

Cardona, P.J., concurs. Ordered that the order is reversed, on the law, with costs, and motion granted.