■ WILLIAM CRAWFORD, Respondent, v JENNIFER L. BURKEY, Appellant. [941 NYS2d 338]—

Rose, J. Appeal from an order of the Supreme Court (Hall Jr., J.), entered July 13, 2011 in Washington County, which denied defendant's motion for leave to amend her answer.

The parties lived together until an incident of domestic violence ended their relationship in August 2009. Plaintiff moved out of their shared residence, which was titled in defendant's name, and defendant continued to reside there. As a result of the incident, plaintiff pleaded guilty to a charge of disorderly conduct in October 2010, and an order of protection was issued in favor of defendant. In December 2010, plaintiff commenced this action seeking, among other things, to impose a constructive trust in connection with the real property titled in defendant's name. Defendant answered in January 2011, raising an affirmative defense of unclean hands based upon the circumstances of the August 2009 incident. In March 2011, after changing counsel, defendant moved to amend her answer to include a counterclaim for assault and battery grounded upon that same incident. Supreme Court concluded that the requested amendment would be prejudicial to plaintiff and denied the motion. We reverse.

Plaintiff opposed the amendment solely on the ground that he would be prejudiced by the injection of domestic violence allegations into a real property case. This is not, however, prejudice that will defeat the amendment. Such prejudice must result from delay; it exists "where a party has incurred some change in position or hindrance in the preparation of its case which could have been avoided had the original pleading contained the proposed amendment" (*Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 293 [1998]; *see Smith v Haggerty*, 16 AD3d 967, 968 [2005]; *Gallo Bros. Constr. v Peccolo*, 281 AD2d 811, 812 [2001]; Siegel, NY Prac § 237, at 410 [5th ed]). Plaintiff's argument that he was preparing to proceed with discovery and a trial on issues related to real property instead of personal injuries is unavailing as there is no indication in the record that any discovery was conducted prior to the motion to amend. In any event, plaintiff was on notice that the allegations surrounding the proposed counterclaim were already in the case by virtue of the unclean hands defense asserted in the original answer.

Further, inasmuch as a counterclaim may be any cause of action in favor of a defendant, "even if such claims do not arise out of the transaction or occurrence from which the plaintiff's claim arises" (*W. Joseph McPhillips, Inc. v Ellis*, 278 AD2d 682, 683 [2000]; *see* CPLR 3019 [a]), Supreme Court's conclusion that the proposed counterclaim lacked relevance to plaintiff's causes of action was misplaced. In the absence of any prejudice due to the minimal delay in seeking to add the counterclaim, Supreme Court abused its discretion by denying defendant's motion to amend her answer (*see Duquette v Oliva*, 75 AD3d 727, 729 [2010]; *Jem, Inc. v Dewey*, 195 AD2d 690, 692 [1993]; *Cary v Fisher*, 161 AD2d 1063, 1064 [1990]). We have considered plaintiff's remaining arguments for affirmance and find them to be unpersuasive.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.