■ AGAINST GRAVITY APPAREL, INC., Appellant, v QUARTER-DECK CORPORATION, Respondent. [699 NYS2d 368] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 8, 1999, which, in an action for breach of warranty and deceptive trade practices arising out of defendant's sale of computer software to plaintiff that was not Y2K compliant, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The causes of actions for breach of warranty and violation of the Magnuson-Moss Warranty Act (15 USC § 2301 et seq.) were properly dismissed in view of defendant's disclaimer of all implied warranties, and plaintiff's use of the software without any problems during the 90-day warranty period (see, Abraham v Volkswagen of Am., 795 F2d 238, 241, 249-250; Feinstein v Firestone Tire & Rubber Co., 535 F Supp 595, 603). Even if the warranty did extend beyond January 1, 2000, some two and a half years after the purchase, the errors and interruptions alleged by plaintiff would not be covered since defendant expressly "[did] not warrant that the operation of the Software will be uninterrupted or error free". This last disclaimer, together with the 90-day warranty period, also undermines any claim under General Business Law § 349 of a materially misleading or deceptive omission implying Y2K compliance (see, S.Q.K.F.C., Inc. v Bell Atl. Tricon Leasing Corp., 84 F3d 629, 636-637). Nor does UCC 2-719 (2) avail plaintiff since, the defect not having manifested itself during the warranty period, the warranty was never triggered, and it therefore cannot be said that the warranty failed of its essential purpose or that plaintiff was deprived of the benefit of his bargain (see, Siemens Credit Corp. v Marvik Colour, 859 F Supp 686, 694). Also without merit is plaintiff's claim, based on UCC 1-204, that the software's Y2K noncompliance is a latent defect that could not be discovered during an unreasonably short 90-day warranty period (see, Landsman Packing Co. v

*Continental Can Co.*, 864 F2d 721, 729). We have considered plaintiff's other arguments and find them unpersuasive. Concur—Sullivan, J. P., Rosenberger, Tom, Mazzarelli and Wallach, JJ.