■ TEDDY MOORE, Appellant, v MICROSOFT CORPORATION, Respondent. [741 NYS2d 91] —In an action, inter alia, to recover damages for deceptive trade practices, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 5, 2001, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the End-User License Agreement (hereinafter the EULA) contained in the defendant's software program is a validly binding contract between the parties which bars the plaintiff's claims (see *Brower v Gateway 2000*, 246 AD2d 246). The terms of the EULA were prominently displayed on the program user's computer screen before the software could be installed. Moreover, the program's user was required to indicate assent to the EULA by clicking on the "I agree" icon before proceeding with the download of the software. Thus, the defendant offered a contract that the plaintiff accepted by using the software after having an opportunity to read the license at leisure. As a result, the plaintiff's claims are barred by the clear disclaimers, waivers of liability, and limitations of remedies contained in the EULA (see *ProCD, Inc. v Zeidenberg*, 86 F3d 1447; *Specht v Netscape Communications Corp.*, 150 F Supp 2d 585).

Moreover, the causes of action alleging violations of the General Business Law and deceptive trade practices were properly dismissed as barred by the terms of the EULA and for failure to state a cause of action. The elements of a claim alleging deceptive practices are that the act or practice was misleading in a material respect and that the plaintiff was injured as a result (see *Hart v Moore*, 155 Misc 2d 203). The plaintiff failed to allege that the defendant engaged in a materially misleading practice and thus his deceptive trade practice claim fails to state a cause of action. Furthermore, there was no warranty given by the defendant that the software product was error

free. Rather, the EULA specifically conformed to the requirements of the General Business Law and disclaimed all warranties, either express or implied. Consequently, the plaintiff's claim alleging statutory violations must fail (*see Against Gravity Apparel v Quarterdeck Corp.,* 267 AD2d 44; *Scott v Bell Atl. Corp.,* 282 AD2d 180).

The Supreme Court properly dismissed the plaintiff's cause of action alleging unjust enrichment. It is well settled that the existence of a valid and enforceable contract governing a particular subject matter, such as the EULA in the instant case, precludes recovery in quasi contract for events arising out of the same subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382).

The plaintiff failed to allege the existence of a special relationship between the parties. Therefore, his claim seeking an accounting must also fail (*see Elghanian v Elghanian,* 277 AD2d 162; *Kaminsky v Kahn,* 23 AD2d 231).

The plaintiff's remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.