Bobby BYRD and Vicky Byrd, a/k/a/ Vickie Anderson, Plaintiffs–Appellants,

v.

James K. BROWN, James Brown Productions Inc., and James Brown Enterprises Inc., Defendants–Cross–Defendants–Appellees,

UMG RECORDINGS INC., Defendant–Cross–Plaintiff–Appellee.

No. 03–7730.

United States Court of Appeals, Second Circuit.

March 12, 2004.

Carl I. Kaminsky, New York, NY, for Appellants.

Andrew H. Bart, Pryor Cashman Sherman & Flynn LLP (Leah D. Weitzen, Pryor Cashman Sherman & Flynn LLP, on the brief), New York, NY, for Appellee UMG Recordings.

Leon Friedman, New York, NY, for Appellees James K. Brown, et al.

Present: WALKER, Chief Judge, CARDAMONE, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants Bobby and Vicky Byrd appeal the June 25, 2003 judgment of the district court granting summary judgment in favor of defendant-appellees UMG Recordings Inc. ("UMG"), James K. Brown, James Brown Productions Inc., and James Brown Enterprises Inc. (collectively "James Brown"), dismissing plaintiffs' claims for money had and received in

connection with certain audio recordings made prior to 1978 while plaintiffs were employed as vocalists by James Brown. The claims were dismissed on the ground that they were either equitable claims that were barred by the doctrine of laches or they were legal claims that were barred under both the New York and Georgia statutes of limitations.

On appeal, plaintiffs argue that, as tenants-in-common with UMG and others with respect to each of the subject recordings, they have stated viable claims for money had and received because UMG, who received money as a result of the recordings and paid royalties to James Brown, never paid any money to plaintiffs. Plaintiffs aver that these claims are legal in nature and, therefore, that the doctrine of laches is inapplicable. Further, they claim that the claims constitute a continuing harm and, therefore, are not barred by either the Georgia or New York statute of limitations. As for these claims, after carefully reviewing plaintiffs' arguments and the record below, we find no errors in the district court's grant of summary judgment in favor of appellees.

Plaintiffs also argue that they pleaded an independent cause of action for an accounting, and that the district erred in dismissing it together with their claims for money had and received. In its April 15, 2002 order dismissing plaintiffs' RICO and open mutual account claims, the district court held that the remaining claims "are the portions of plaintiffs' 'first claims' alleging claims for money had and received and plaintiffs' requests for an accounting (embodied in plaintiffs' 'second and third claims') should plaintiff[s] establish liability on the claims for money had and received." Plaintiffs do not appear to have disputed this holding in the district court, and thus have likely waived the issue on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994). But even if they have not waived it, their claim for an accounting cannot stand because they have not established the existence of a fiduciary relationship between themselves and any of the appellees. *See Sugarman v. Weisz,* 28 N.Y.2d 786, 321 N.Y.S.2d 612, 270 N.E.2d 330 (1971) (affirming appellate decision that because "plaintiff had failed to prove existence of an o[ral] joint venture and there was no fiduciary relationship between the parties[,] it was error to direct an accounting"); *Moore v. Microsoft Corp.,* 293 A.D.2d 587, 741 N.Y.S.2d 91, 92–93 (2002) ("The plaintiff failed to allege the existence of a special relationship between the parties. Therefore, his claim seeking an accounting must ... fail."); *Waldman v. Englishtown Sportswear, Ltd.,* 92 A.D.2d 833, 460 N.Y.S.2d 552, 556 (1983) ("The existence of a fiduciary relationship is essential for a cause of action in equity for an accounting arising out of the contract between the parties."); *Nat. Comm., Mother's Day v. Kirby Co.,* 17 A.D.2d 390, 234 N.Y.S.2d 432, 433 (1962) (same).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**