09-4201-cv
*Hines v. Overstock.com*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand and ten.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,*
> > *Circuit Judges*.

———————————————————————————

CYNTHIA HINES, on behalf of herself and others similarly situated,

> *Plaintiff-Counter-Defendant-Appellee*,

> v.                         (09-4201-cv)

OVERSTOCK.COM, INC.,

> *Defendant-Counterclaimant-Appellant*.

———————————————————————————

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | JONATHAN D. THIER (Krista Friedrich, Jason M. Hall, on the brief), Cahill Gordon & Reindel, New York, NY |
| FOR PLAINTIFF-APPELLEE: | JONATHAN A. DACHS, Shayne, Dachs, Corker, Sauer & Dachs, LLP, Mineola, NY; Harry I. Katz, Harry I. Katz, P.C., Fresh Meadows, NY |

---

* At the time of oral argument, Judge Chin was a United States District Judge for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.  Appellee's motions to strike portions of the Appellant's brief and appendix and for sanctions are DENIED.

Plaintiff-Appellee Cynthia Hines filed this action against Defendant-Appellant Overstock.com, Inc. ("Overstock") in March 2009.  Hines alleged violations of New York law in connection with her purchase of a vacuum cleaner from Overstock.  In brief, Hines's complaint alleged that she purchased a new vacuum cleaner but, when the vacuum was delivered, Hines discovered that it was not new but rather had been "refurbished." Compl. ¶ 11.  After Hines returned the vacuum, Overstock credited her the purchase price of the product less a $30.00 "restocking" fee. *Id.* ¶ 12.  Hines sued on behalf of a class of Overstock customers who had been charged such fees, asserting that the fee violated New York statutory and common law.  Invoking § 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a), Overstock appeals from an order dated September 4, 2009 of the United States District Court for the Eastern District of New York (Johnson, *J.*) denying, in relevant part, Overstock's motion to dismiss or stay the action in favor of arbitration.  Overstock also appeals the district court's denial of its motion for reconsideration.  We assume the parties' familiarity with the remaining facts, procedural history of the case, and issues presented for review.

We review de novo the denial of a motion to stay or dismiss an action pending arbitration. *Mediterranean Shipping Co. S.A. Geneva v. POL-Atl.*, 229 F.3d 397, 402 (2d Cir. 2000); *cf. Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 119 (2d Cir. 2010) (denial of motion to compel arbitration reviewed de novo).  We may affirm on any basis that  is sufficiently supported by the

record, including one not relied upon by the district court. *See, e.g.*, *Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006) (per curiam).

Overstock's principal contention on appeal is that Hines's affidavit did not raise a material question of fact regarding whether the parties had agreed to arbitrate the underlying dispute. Pursuant to 9 U.S.C. § 4, therefore, the district court should have determined that the "making of the agreement for arbitration" was not "in issue" and ordered the proceedings stayed in favor of arbitration. *See* 9 U.S.C. § 4 (providing that a district court "shall make an order directing the parties to proceed to arbitration" if it is satisfied that the making of the arbitration agreement and a party's failure to comply with the agreement are undisputed). Alternatively, had the district court concluded that Hines's affidavit did raise a question of fact regarding whether an agreement to arbitrate was made, the district court was required to "proceed summarily" to a trial to decide that issue as a matter of fact. *Id.*

The difficulty with Overstock's position is that a party seeking to invoke FAA § 4 must make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement "in issue." "In the context of motions to compel arbitration . . . the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). The party seeking to stay the case in favor of arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made. *See Almacenes Fernandez, S.A. v. Golodetz*, 148 F.2d 625, 628 (2d Cir. 1945) (noting that the parties seeking a stay in favor of arbitration "supported their application . . . by showing at least prima facie that" an agreement to arbitrate was proposed and was accepted); *Rothstein v. Fung*, No. 03 Civ. 0674, 2004 WL 1151568, at *1 (S.D.N.Y. May 24, 2004) ("As the

3

moving party, defendants bear the burden of proving written agreements obligating both plaintiffs to arbitrate."); *Scone Invs., L.P. v. Am. Third Mkt. Corp.*, 992 F. Supp. 378, 381 (S.D.N.Y. 1998) (same); *see also Interocean Shipping Co. v. Nat'l Shipping & Trading Corp.*, 462 F.2d 673, 675 (2d Cir. 1972) (describing the evidence included in the initial petition of the party seeking to compel arbitration).   This burden does not require the moving party to show initially that the agreement would be *enforceable*, merely that one existed.  *See, e.g.*, *Scone*, 992 F. Supp. at 381 (prima facie requirement satisfied by production of signed writing).

We conclude that Overstock's initial showing of the existence of an agreement to arbitrate was deficient because neither New York nor Utah law[1] would recognize that an agreement to arbitrate had been made taking all the facts alleged in Overstock's initial showing to be true. Overstock alleged simply that an agreement to arbitrate was made because the website's "Terms and Conditions," which included the arbitration clause, provided that "Entering the Site will constitute your acceptance of these Terms and Conditions." Hawkins Aff. ¶ 5, App'x at 24.  Overstock alleged nothing regarding whether Hines had knowledge of these Terms and Conditions or whether she had an opportunity to see the Terms and Conditions prior to "accepting" them by accessing the website. New York and Utah law provide, however, that no binding contract exists until the offer is accepted. *See Robinson v. Sweeney*, 753 N.Y.S.2d 583, 586 (3d Dep't 2003) ("To create a binding contract, there must be a manifestation of mutual asset sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." (quoting *Express Indus. & Term. Corp. v. N.Y. State Dep't of Transp.*, 93 N.Y.2d 584, 589 (1999))); *accord Cal Wadsworth Constr. v. City of St. George*,

---

[1] The district court did not decide which state's law applies in this case, but concluded that the result would be the same applying the law of either state.  *See* App'x at 60-62.  We agree.

4

898 P.2d 1372, 1376 (Utah 1995). Pursuant to this principle, in the context of agreements made over the internet, New York courts find that binding contracts are made when the user takes some action demonstrating that they have at least constructive knowledge of the terms of the agreement, from which knowledge a court can infer acceptance. *See, e.g.*, *Moore v. Microsoft Corp.*, 741 N.Y.S.2d 91, 92 (2d Dep't 2002) (contract formed when "[t]he terms of the [agreement] were prominently displayed on the program user's computer screen before the software could be installed," giving user opportunity to read them, and "the program's user was required to indicate assent to the [agreement] by clicking on the 'I agree' icon before proceeding with the download . . . ."); *see also Bar-Ayal v. Time Warner Cable Inc.*, 03 CV 9905, 2006 WL 2990032, at *9-11 (S.D.N.Y. Oct. 16, 2006) (software installation required user to click through "accept" buttons on screens that showed relevant agreements; "[T]he Customer Agreement, including the arbitration provision, . . . was available in full to the individual. It was not hidden or hard to find, but rather presented on the computer screen."); *cf. Brower v. Gateway 2000, Inc.*, 676 N.Y.S.2d 569, 572-73 (1st Dep't 1998) (binding agreement existed when terms of agreement were attached to shipped product and had to be seen by customer in opening the product). We predict the Utah courts would come to a similar conclusion. *Cf. Tom Rice Buick-Pontiac v. Gen. Motors Corp.*, 551 F.3d 149, 154 (2d Cir. 2008).

Here, according to Overstock's submission, users of the Overstock website "accept" the Terms and Conditions merely by using the website. This assertion alone does not support a finding that a binding agreement existed, however, because Overstock did not allege any facts tending to show that a user would have had actual or constructive knowledge of the Terms and Conditions. We therefore conclude that Overstock's motion failed to carry Overstock's initial burden to

demonstrate the existence of an arbitration agreement, and the district court correctly denied the motion.

We recognize that Overstock attempted to put forward additional evidence that Hines had notice of the Terms and Conditions of the Overstock website in its motion for reconsideration. The district court denied the motion because Overstock could have introduced this evidence in its initial motion but did not. Overstock makes no argument here to suggest that this decision was an abuse of discretion, *see RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003) (per curiam), and we see none. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (reconsideration is appropriate if there is "an intervening change of controlling law," if "new evidence" becomes available, or if there is a "need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)).

We have considered Overstock's remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED. Appellee's motion to strike portions of the Appellant's brief and appendix is DENIED AS MOOT. Appellee's motion for sanctions is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6