Joseph F. Bianco, District Judge:
Plaintiff Phil Faggiano brings this action against CVS Pharmacy, Inc. ("CVS"), Rosanne "Doe", and Mike Clarke (together, "defendants") for violations of the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL"). Presently before the Court is defendants' motion to compel arbitration and to dismiss the complaint or, in the alternative, to stay the action pending arbitration. (ECF No. 11.) For the reasons explained below, the Court grants defendants' motion to compel arbitration and stays this action pending arbitration.
I. BACKGROUND
A. Facts
The Court takes the following facts from the complaint (ECF No. 1), the Declaration of Robert Bailey filed in support of defendants' motion to compel arbitration ("Bailey Decl.," ECF No. 13) and the exhibits attached thereto.[1]
Plaintiff was employed as a cashier and stock person at CVS from sometime in 2008 until July 28, 2016. (Compl. ¶¶ 27, 42.) During the week of October 5, 2014, CVS implemented an arbitration policy. (Bailey Decl. ¶ 6.) The arbitration policy states, in relevant part:
Mutual Obligation to Arbitrate. Under this Policy, CVS Health (including its subsidiaries) and its Employees agree that any dispute between an Employee and CVS Health that is covered by this Policy ("Covered Claims") will be decided by a single arbitrator through final and binding arbitration only and will not be decided by a court or jury or any other forum, except as otherwise provided in this Policy.... Employees accept this Policy by continuing their employment after becoming aware of the Policy.
*35 Claims Covered by This Policy. Except as otherwise stated in this Policy, Covered Claims are any and all legal claims, disputes or controversies that CVS Health may have, now or in the future, against an Employee or that an Employee may have, now or in the future, against CVS Health, its parents, subsidiaries, successors or affiliates, or one of its employees or agents, arising out of or related to the Employee's employment with CVS Health or the termination of the Employee's employment. Covered Claims include but are not limited to disputes ... arising under the ... Age Discrimination in Employment Act ... and other state and local statutes, regulations and other legal authorities relating to employment.
Waiver of Class, Collective and Representative Actions ("Class Action Waiver"). Employee and CVS Health will bring any Covered Claims in arbitration on an individual basis only; Employee and CVS Health waive any right or authority for any Covered Claims to be brought, heard or arbitrated as a class, collective, representative or private attorney general action.... Notwithstanding any other provision of this Policy or the AAA Rules, disputes regarding the validity, enforceability or breach of this Class Action Waiver will be resolved only by a civil court of competent jurisdiction and not by an arbitrator.
Severability. If any portion of this Policy is adjudged to be unenforceable, the remainder of this Policy will remain valid and enforceable.
(Bailey Decl. Ex. A at 1-4.)
Plaintiff completed an online training session about the arbitration policy on May 27, 2015. (Bailey Decl. ¶ 16.) During the training, plaintiff agreed that the arbitration policy applied to him, and acknowledged that he understood he could opt out of the arbitration policy by sending a written letter to CVS within thirty days of completing the training. (Id. ¶¶ 8-16.) Plaintiff does not dispute that he did not opt out of the arbitration policy.
On July 28, 2016, CVS terminated plaintiff's employment for personally accepting gift cards from customers. (Compl. ¶¶ 42-43.) In the instant action, plaintiff alleges that CVS's reason for terminating his employment was pretextual, and that he was actually terminated because of his age. (Id. ¶¶ 45-47.)
B. Procedural History
Plaintiff filed the complaint on June 22, 2017. (ECF No. 1.) Defendants moved to compel arbitration and to dismiss or, in the alternative, to stay the action on October 25, 2017. (ECF No. 11.) Plaintiff opposed the motion on November 15, 2017. (ECF No. 14.) Defendants replied on December 1, 2017. (ECF No. 15.) The Court heard oral argument on December 20, 2017 and has fully considered the parties' submissions and arguments.
II. STANDARD OF REVIEW
Motions to compel arbitration are evaluated under a standard similar to the standard for summary judgment motions. Bensadoun v. Jobe-Riat , 316 F.3d 171, 175 (2d Cir. 2003) (citing Par-Knit Mills, Inc. v. Stockbridge Fabrics Co. , 636 F.2d 51, 54 n.9 (3d Cir. 1980) ); Hines v. Overstock.com, Inc. , 380 Fed.Appx. 22, 24 (2d Cir. 2010). The court must "consider all relevant admissible evidence" and "draw all reasonable inferences in favor of the non-moving party." Nicosia v. Amazon.com, Inc. , 834 F.3d 220, 229 (2d Cir. 2016). "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." Bensadoun , 316 F.3d at 175 (citing 9 U.S.C. § 4 ). If, however, the arbitrability of the dispute can be *36 decided as a matter of law based on the undisputed facts in the record, the court "may rule on the basis of that legal issue and 'avoid the need for further court proceedings.' " Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd. , 661 F.3d 164, 171 (2d Cir. 2011) (quoting Bensadoun, 316 F.3d at 175 ).
III. DISCUSSION
A. The Instant Claims Must be Arbitrated
The Federal Arbitration Act ("FAA")[2] mandates that arbitration agreements "evidencing a transaction involving [interstate] commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has repeatedly stated that the FAA reflects a "liberal federal policy favoring arbitration." E.g. , CompuCredit Corp. v. Greenwood , 565 U.S. 95, 97-98, 132 S.Ct. 665, 181 L.Ed.2d 586 (2012) ; AT & T Mobility LLC v. Concepcion , 563 U.S. 333, 339, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. , 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ).
In light of that policy, a court's review in deciding a motion to compel arbitration is limited to "questions of arbitrability," which include whether the parties have a valid arbitration agreement and, if so, whether the asserted claims are within the arbitration agreement's scope. See, e.g. , Howsam v. Dean Witter Reynolds, Inc. , 537 U.S. 79, 84-85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) ; Republic of Ecuador v. Chevron Corp. , 638 F.3d 384, 393 (2d Cir. 2011). On the other hand, " 'procedural' questions that grow out of the dispute and bear on its final disposition," as well as issues about "waiver, delay, or a like defense to arbitrability" are presumptively for the arbitrator. Howsam , 537 U.S. at 84, 123 S.Ct. 588 ; Seed Holdings, Inc. v. Jiffy Int'l AS , 5 F.Supp.3d 565, 580 (S.D.N.Y. 2014) (collecting cases).
Here, plaintiff does not dispute that he entered into a binding agreement to arbitrate with CVS, or that the arbitration agreement applies to the claims here. Instead, he argues that the arbitration agreement's class action waiver renders the entire agreement unenforceable because such waivers violate the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157.
In response, defendants assert that disputes about the arbitration agreement's enforceability are for the arbitrator, and not for the Court. In any event, defendants further contend that the class action waiver is irrelevant to the instant motion because plaintiff is not pursuing collective action here. Finally, defendants argue that, even if the Court reached the enforceability issue and determined that the class action waiver is unenforceable, the proper remedy would be to sever that provision, not to invalidate the entire agreement.
As a threshold matter, in light of the arbitration agreement's expressed intent that the Court decide issues regarding the class action waiver's enforceability, the Court disagrees with defendants' contention that that issue would be for the arbitrator. See, e.g. , Kai Peng v. Uber Techs., Inc. , 237 F.Supp.3d 36, 53 (E.D.N.Y. 2017). With respect to the enforceability of class action waivers, binding Second Circuit precedent forecloses plaintiff's argument that such waivers violate the NLRA. Sutherland v. Ernst & Young LLP , 726 F.3d 290, 297 n.8 (2d Cir. 2013) ; see also *37 Patterson v. Raymours Furniture Co., Inc. , 659 Fed.Appx. 40, 43 (2d Cir. 2016). However, this precise issue is currently before the Supreme Court to resolve a split among the circuit courts, and a decision is pending.[3] If the Court were to address the enforceability of the waiver, it would consider awaiting the outcome of the Supreme Court's decision. See, e.g., Cook v. Rent-A-Center, Inc. , No. 2:17-CV-00048-NCE-EFB, 2017 WL 4270203, at *3-4 (E.D. Cal. Sept. 26, 2017) (staying the proceedings until Supreme Court's decision in Morris ). However, for reasons discussed below, this Court concludes that the claims in this case must be arbitrated even if the Supreme Court were to find the waiver unenforceable because it violates the NRLA.
First, the Court agrees with defendants that the class action waiver is not relevant here. Plaintiff brings the instant claims solely on his own behalf; not on behalf of any putative class. In turn, defendants are not seeking to enforce the class action waiver in this case; rather, defendants simply seek to enforce provisions of the agreement that require plaintiff to arbitrate individual claims of age discrimination under the ADEA and the NYSHRL. Thus, the class action waiver's enforceability is not at issue and has no bearing on whether the Court should compel arbitration here. See, e.g. , Tura v. Med. Shoppe Int'l , CV 09-7018 SW (VBKx), 2010 WL 11506428, at *13 (C.D. Cal. Mar. 3, 2010) ("First, and most importantly, the present dispute is not being brought as a class action. The Court is not aware of, and the parties have not cited, any case holding that a class action waiver renders a contract unconscionable in the absence of a pending class action. The class action waiver is simply irrelevant to the case at hand."); Scurtu v. Int'l Student Exch. , 523 F.Supp.2d 1313, 1326 (S.D. Ala. Oct. 19, 2007) ("Given the specific posture of this case, there is no need for the Court to rule on whether the class relief waiver is or is not enforceable here. As noted, the operative Complaint is devoid of class allegations."); see also Tan v. GrubHub, Inc. , Case No. 15-cv-05128-JSC, 2016 WL 4721439, at *6 (N.D. Cal. July 19, 2016) (plaintiff has no standing to challenge applicability or enforceability of arbitration and class action waiver provisions that do not apply to him).
Second, even assuming arguendo that the class action waiver applied here and is unenforceable, the Court would still compel arbitration because the waiver provision is severable from the arbitration agreement under the agreement's plain terms. See Ragone v. Atl. Video at Manhattan Ctr. , No. 07 Civ. 6084 (JGK), 2008 WL 4058480, at *5 (S.D.N.Y. Aug. 29, 2008), aff'd , 595 F.3d 115 (2d Cir. 2010) (compelling arbitration without determining whether the arbitration agreement's statute of limitations and fee shifting provisions were enforceable where defendant agreed not to attempt to enforce those *38 provisions against plaintiff and agreement contained a severability provision); Ouedraogo v. A-1 Int'l Courier Serv., Inc. , No. 12 Civ. 5651 (AJN), 2014 WL 1172581, at *4 (S.D.N.Y. Mar. 21, 2014) (arbitration agreement's unenforceable provisions did not preclude arbitration in light of severability clause); see also Henry v. New Orleans Louisiana Saints L.L.C. , Civil Action No: 15-5971, 2016 WL 2901775, at *8 (E.D. La. May 18, 2016) (rejecting plaintiff's argument that the arbitration clause could not be severed with a waiver clause because it was "inexorably entwined," and concluding: "The Court need not determine whether the waiver provision operates as a prospective waiver of statutory rights because, even assuming that the waiver clause is unlawful, it does not render the arbitration clause void; the arbitration clause may be severed from the remainder of the Agreement.")[4]
In sum, given that plaintiff concedes that he entered into a binding arbitration agreement that covers his claims, the Court concludes the instant dispute must be arbitrated notwithstanding his challenge to the class action waiver provision because (1) the class action waiver is irrelevant to this dispute which involves only claims by an individual plaintiff, and (2) the waiver provision is severable even if it were found to be unenforceable.
B. The Court Stays This Action
Under the FAA, "the court 'shall' stay proceedings pending arbitration, provided ... certain conditions are met." Katz v. Cellco P'ship , 794 F.3d 341, 347 (2d Cir. 2015), cert. denied , --- U.S. ----, 136 S.Ct. 596, 193 L.Ed.2d 471 (2015) (citing 9 U.S.C. § 3 ). The Second Circuit has held that this language "mandate[s] a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." Id. Accordingly, because the Court refers all of the instant claims to arbitration, and because defendants have requested a stay, the Court stays the action pending arbitration.
IV. CONCLUSION
For the foregoing reasons, the Court grants defendants' motion to compel arbitration and stays the action pending the outcome of those proceedings.
SO ORDERED.

The Court may properly consider documents outside of the pleadings for purposes of deciding a motion to compel arbitration. See BS Sun Shipping Monrovia v. Citgo Petroleum Corp. , No. 06 Civ. 839(HB), 2006 WL 2265041, at *3 n.6 (S.D.N.Y. Aug. 8, 2006) ("While it is generally improper to consider documents not appended to the initial pleading or incorporated in that pleading by reference in the context of a Rule 12(b)(6) motion to dismiss, it is proper (and in fact necessary) to consider such extrinsic evidence when faced with a motion to compel arbitration." (citing Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co., 263 F.3d 26, 32-33 (2d Cir. 2001) )).

The parties agree that the FAA applies to the at-issue arbitration agreement.

In Morris v. Ernst & Young LLP , 834 F.3d 975 (9th Cir. 2016), cert. granted , --- U.S. ----, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017) ; Lewis v. Epic Sys. Corp., 823 F.3d 1147 (7th Cir. 2016), cert. granted , --- U.S. ----, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017) ; and Murphy Oil USA. Inc. v. N.L.R.B. , 808 F.3d 1013 (5th Cir. 2015), cert. granted , --- U.S. ----, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017) (collectively, "Morris "), the Supreme Court granted certiorari and consolidated the three cases, to decide the following question: "[w]hether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act" Brief Amicus Curiae of Pacific Legal Foundation in Support of Petitioner at *i, Epic Systems Corp. v. Lewis , 2016 WL 5800072 (U.S. Sept. 30, 2016) (No. 16-285 ).

Plaintiff has not provided any legal authority-and the Court has found none-to support plaintiff's argument that a single unenforceable provision in an agreement with a severability clause can render the entire agreement unenforceable. As noted above, this Court concludes that the class action waiver can be severed in this case even if it were unenforceable and would not preclude arbitration.